JAMES H. HILL v. ANDREW J. WEBBER AND GEORGE REED.

*Replevin—Judgment as in case of non-suit—Notice of assessment of value.*

A defendant asking for judgment as in case of non-suit must make out a complete case within the reason on which his application rests and in strict conformity to the rules and practice of the court.

General disregard of a particular rule of court by consent, acquiescence, or waiver will not excuse such disregard in a particular case where the adverse party insists upon his rights under the rule.

A motion for judgment as in case of non-suit on plaintiff's neglect to bring on the cause at either of the first two terms following joinder of issue, is premature if made before the second term has opened.

An assessment of value in replevin, and final judgment thereon, cannot accompany the allowance of a motion for judgment as in case of non-suit, without any notice and hearing beyond that given for the motion.

An assessment of value in replevin is authorized on the trial or on the assessment of damages (Comp. L. § 6758). *Held* that this refers to the stage of the case at which damages are assessed, and not to the act of assessing them ; and that defendant's omission to claim damages does not dispense with the necessity of assessing the value, or of the notice of assessment in any case in which he demands judgment for value.

Judgment for value in replevin is not final, but interlocutory, and only decides the right, while the ascertainment of the value is referred to a farther inquiry by the court.

Error to Mecosta. (Russell, J.) Jan. 17.—Feb. 27.

REPLEVIN. Plaintiff brings error. Reversed.

*Gardner K. Grout* and *Albert Trask* for appellant. A defendant who has appeared is entitled to notice of assessment of damages : *Mason v. Reynolds* 33 Mich. 60.

*Wm. O. Webster* and *M. Brown* for appellee.

GRAVES, C. J. This was an action of replevin in which the property was taken on the writ and delivered to the plaintiff. Issue was joined July 23, 1881, and the first reg-

ular term thereafter was in October of that year, and the next occurred February 7, 1882. Both sides neglected noticing the cause for trial for said terms respectively, and on the 4th day of February, being three days in advance of the opening of said second term, the attorney for defendants filed his affidavit with the clerk for judgment as in case of non-suit; and at the same time entered the motion in the special motion-book. Subsequently and on February 7th, being the first day of said second term, the attorney for defendant served a copy of his affidavit on the attorney for the plaintiff, together with a notice that the motion would be heard on February 10th. This service on the 7th of February was the first and only service, and it was made without any extension of time by the court. On the motion being called up at the time specified the plaintiff's attorney objected that it should not be entertained because the affidavit on which it was based was not served until three days after the entry in the special motion-book, and also for the reason that there should have been at least four days' notice.

The court overruled the objection and continued the motion until the 13th of March. On being called at that time the attorney for the plaintiff failed to appear and defendant's attorneys consented that it might stand over until the next day, and just before the close of the forenoon session of that day, being the 14th, the motion was again called up and the attorneys for defendants appeared but no one appeared for the plaintiff, and the court immediately granted it. At the same time the attorneys for defendants filed a written waiver of return of the property and submitted proofs of its value and the court instantly rendered judgment in the defendant's favor for the amount. These proceedings occurred without any other notice than the notice of motion served on the 7th of February. March 15, 1882, the judgment by direction of the court was formally entered up in the journal for the assessed value of the property, being $1327, and the plaintiff brought error.

The authority for the proceeding is found in the follow-

ing provisions : *First*, a provision in the replevin law in these terms : " After issue joined in any action of replevin, either party may give notice of trial, and if neither party shall have noticed the cause for trial, the defendant may move for judgment as in case of non-suit, in the same manner as in personal actions ;" Comp. L. § 6752 ; and *second*, a general provision for *personal actions* in the following words : "When an issue of fact shall be joined in any cause, and the plaintiff shall neglect to bring such issue to trial, according to the course and practice of the court, such court, on the application of the defendant, may give the like judgment for the defendant as in cases of non-suit, or may, upon just terms, allow a further time for the trial of such issue." Comp. L. § 6036.

The ground of these applications for judgment as in case of non-suit, is that the plaintiff has unreasonably delayed to bring on a trial and the purpose is either to speed the cause or relieve the defendant by giving him a judgment of the same effect as one upon a non-suit. But inasmuch as the latter precludes in that case an investigation of the merits, and the mainspring of the proceeding is a supposed equity in favor of the defendant, the remedy has always been subject to very strict practice.

The defendant must not only make out a complete case within the reason on which the application rests and in accordance with the actuating principles, but he must proceed in critical conformity to the rules and practice of the court. Tidd's Pr. 822 *et seq.;* Graham Pr., ch. 15 ; 1 Burrill's Pr. 420.

Now according to the rules of court all special motions except motions for a continuance *must be entered in the special motion-book ;* and the affidavits and other papers on which the motions are founded must be filed at the time of entering the motions, and *copies thereof must be served on the attorney of the opposite party on or before the day of entering such motions unless further time is granted.* Rules 28, 29. The defendant's motion for judgment was within these provisions and no other mode existed for

bringing it on. No doubt the plaintiff might have waived observance of this requirement, but he did not. It was his right to insist on strict compliance and he did so. He objected that copies of the papers were not served on or before the day of entering the motion, and the objection was a valid one.

The attempt to uphold the regularity of the motion on an assumption that the provision fixing the time of service is generally disregarded is entirely fallacious. A practice so obviously astray from the rule of court could only occur in one case after another as therein consented to, and a course of proceeding which rests in every instance, when tolerated, on the consent of the parties and not on the authority of law cannot be allowed to govern where such consent is not merely wanting but is expressly withheld. And if it be a fact that the plain requirement of the rule is customarily set aside with the acquiescence of counsel it cannot have any force in a case such as this, where acquiescence is promptly and regularly refused.

Another defect, though not made a ground of objection, is not unworthy of notice. The motion was prematurely launched. The right to move was considered as arising from the plaintiff's neglect to bring the action to trial at either of the two terms next following the joining of issue, and yet the motion was commenced before the second term had arrived. This was not regular. *Jackson v. Vroman* 6 Cow. 392; *Griffith v. Miller* 7 Wend. 514.

It may not be amiss to advert to another point. The plaintiff argues that it was not competent to proceed to assess the value and enter judgment for it with no other notice than that given for the motion; but the defendants reply that no further notice is prescribed, and that in the very nature of the case the inquisition of value and the giving of final judgment belong to the subject-matter of the motion. The provision of the replevin law allowing judgment for the value on the waiver of a return (Comp. L. § 6758) is supposed by the defendants to support their contention on this subject. But this is a mistake. The pro-

vision authorizes an assessment of value on the *trial* or on the assessment of damages as the case may be. Now where judgment is taken as in case of non-suit there is no trial. It is the failure to bring on a trial that gives the privilege to take such a judgment. Hence this branch of the provision is plainly inapplicable.

But this position of the defendant is unsound in principle. It was never intended that a valuation and final judgment should accompany the granting a motion for judgment as in case of non-suit and without any distinct notice and hearing. Such a practice would not accord with the customary methods of the law nor with the ends of justice. No doubt the statute is open to the construction that the value may be recovered in a judgment as in case of non-suit; but the construction which will permit it can only apply and operate by requiring that such value shall be ascertained under the same conditions as are necessary for the assessment of damages. This seems to be the real sense of the second branch of the above-mentioned provision. The terms are not as clear as they should have been, but the intent is not very obscure.

We have not overlooked the defendants' argument that no damages were claimed and hence that there was no possible occasion for an assessment of any, and so, that no future stage could exist for which to notice an assessment of value. This is not very persuasive. If it were sound it would tend to show that in such a case no recovery at all for the value would be practicable, on account of the absence of provisions for an inquisition by due course of law. But obviously the statute refers, not to the act of assessing damages, but to the stage or time for assessing them; and this stage or time must occur whether the defendant makes any claim for damages or not. It was not supposed the defendant would be bound to insist on damages, nor was it intended that the plaintiff's right to have reasonable time and notice should depend on the defendant's election in that matter. A defendant may refuse to demand damage; but if he does refuse and nevertheless asks a judgment for the

value, that value must be assessed, and the assessment must be had as though there were damages to be assessed, and the like notice of the assessment must be given.

The judgment to be entered on the motion where the defendant is entitled to the whole value is not a final judgment. It is interlocutory and merely decides the right, and refers the ascertainment of the value to a future inquiry before the court. It was once necessary in some jurisdictions to have a writ of inquiry awarded, and it may be so still. Under the existing system in this State the law allows the more direct and easy method of an inquisition by the court.

The judgment must be reversed with costs, and the cause remanded for such other and further proceedings as shall be agreeable to law.

COOLEY and MARSTON, JJ. concurred.