DELIA MCMILLAN V. ROSCOE L. COR- BETU, CIRCUIT JUDGE OF GRAND TRAVERSE COUNTY.

NEW TRIAL.— ENTRY OF MOTION FOR, WITHOUT LEAVE OF THE COURT AFTER THE EXPIRATION OF THE TIME LIMITED BY RULE FOR ENTERING SAME.

Relator applied for *mandamus* to compel the respondent to vacate an order granting a new trial. An order to show cause was denied.

*Turner & Gates*, for relator.

The facts as alleged in the petition for mandamus were as follows:

1. That on May 5, 1896, the relator re-

covered a judgment against a mutual benefit society; that ten days later, and during the same term of court, and without having obtained any extension of time for that purpose, the defendant moved for a new trial on the ground that plaintiff's husband, in consequence of whose alleged death the suit was brought, was alive, and that the defendant did not have an opportunity to present its defense, owing to the fact that its attorneys were not advised of the exact time of trial; that it was conceded that in case of a new trial the defense should be limited to the question of the death of plaintiff's husband; that the motion was noticed for June 1, 1896, and on May 27, 1896, seven additional affidavits in support of the motion were served on plaintiff's attorneys; that plaintiff's attorneys objected to the hearing of the motion for the reasons:

*a*—That more than one day in term had elapsed since the entry of the judgment before the motion was entered, that being the time limited by a special rule of the circuit court within which a motion for a new trial could, *as a matter of right*, be made.

*b*—That 10 days in term had elapsed between the entry of judgment and motion, and that under Circuit Court Rule No. 31, which provides that "motions for a new trial, with the reasons on which they are founded, shall be made within two days after the rendition of the verdict, in case of a trial by jury, and where the case has been tried by the court two days after the decision of the court, and if two days in the same term do not intervene after such verdict or decision such motion shall be entered on or before the first day of the next term," said motion could not be granted without first obtaining leave to make the same.

That in support of this contention plaintiff's attorneys cited *People v. Circuit Judge*, 20 Mich. 220, where it was held that Circuit Court Rule No. 31 is subject to the further provision in Circuit Court Rule No. 72 allowing the circuit court to extend or shorten the time in which to move for a new trial, and was not intended in any way to interfere with the common law discretion of the courts, but only to fix a time. beyond which no one could move, as a *matter of right, and*

*without leave*; that it is not clear that motions for new trials, based on newly discovered evidence, would come within the rule fixing the time, for the facts may not be ascertained until afterwards.

2. That objection was also made to the reading of the affidavits served on May 27, on the ground that they were not served until twelve days after the entry of the motion for a new trial, while Circuit Court Rule No. 28 provides that "in all cases of special motions, except a motion for a continuance, the affidavits and other papers on which the same may be founded shall be filed at the time of entering the motion, and copies thereof shall be served on the attorney of the opposite party on or before the day of entering such motion, unless further time is granted."

That in support of this objection plaintiff's attorneys cited *Hill v. Webber*, 50 Mich. 142, 144, where the defendants in replevin filed an affidavit with the clerk for judgment, as in case of non-suit, and at the same time entered a motion for such judgment in the special motion book, and three days later served a copy of the affidavit with notice of the hearing of the motion upon the plaintiff's attorney. No extension of time for making such service had been granted by the court. Objection was made to hearing the motion because the affidavit upon which it was based was not served until three days after the entry of the motion. The objection was overruled, and judgment passed in favor of the defendants. And it was held, after citing the provision of the rule requiring the filing of the affidavits and other papers upon which a special motion is based at the time of entering the motion, and the service of copies on or before the day of such entry unless further time is granted, that the defendant's motion for judgment was within these provisions, and no other mode existed for bringing it on; that the plaintiff might have waived the observance of this requirement, but he did not; that it was his right to insist on strict compliance and he did so; that he objected that copies of the papers were not served on or before

the day of entering the motion, and the objection was a valid one.

Plaintiff's objections were overruled, and a new trial ordered.