ANDERSON *v.* HENDERSON.

1. APPEAL AND ERROR—REPLEVIN—SURETY IN REPLEVIN BOND—ESTOPPEL—MOTIONS.

On motion to set aside a default judgment, on appeal from justice's court, entered as provided by Act No. 246, Pub. Acts 1899, against the surety in the replevin bond given by plaintiff before the justice, the finding of the circuit court, supported by affidavits that the surety was estopped to question his liability thereon because he had notice that the bond, which he claimed was altered without his consent, had been thereafter used and relied upon in the action, was not subject to review on error.

2. REPLEVIN—BONDS—JUDGMENT—VACATING—WANT OF JURISDICTION.

Judgment entered against the surety upon the replevin bond of a plaintiff who failed to appear on the trial in circuit court of a cause appealed from justice's court and was nonsuited by defendant, who took judgment for the amount of a lien asserted against the property seized, was regular and within the jurisdiction of the court, though no notice thereof was given the surety. 3 Comp. Laws, §§ 10675, 10680, 10681, and Act No. 246, Pub. Acts 1899.

3. SAME—CONSTITUTIONAL LAW—STATUTES.

The objection suggested but not fully discussed by appellant, the surety, that the statute so authorizing the entry of judgment is unconstitutional since it deprives appellant of his property without due process of law, is overruled.

Error to Lapeer; Smith, J.   Submitted June 26, 1911.
(Docket No. 66.)   Decided November 3, 1911.

Replevin in justice's court by Charles H. Anderson against David Henderson.   On appeal by defendant from an adverse judgment to the circuit court, plaintiff was nonsuited for his failure to appear, and judgment entered against plaintiff and his surety, Orin Travis, who brings error.   Affirmed.

*William E. Brown*, for appellant.

*H. W. Smith*, for appellee.

OSTRANDER, C. J.   In an action of replevin, in justice's court, a judgment was rendered in favor of the plaintiff. The defendant appealed to the circuit court, in which court, the cause being regularly upon the calendar for trial, and the plaintiff not appearing, he was called in open court, and, still not appearing, was nonsuited, and, the defendant claiming a lien on the property described in the writ of replevin taken on the writ and delivered to the plaintiff, a jury was then and there impaneled, a verdict was returned in favor of the defendant for his special lien and interest in said property, and a judgment was entered on the verdict for said defendant against the plaintiff and the surety who signed the replevin bond in justice's court.

Afterwards the surety moved to set aside the judgment, assigning as reasons that (1) no notice was served upon him that the cause was pending, or that a judgment would be taken against him upon default of the plaintiff; (2) the surety did not execute the bond, and was not liable thereon; (3) the act authorizing the taking of the judgment against said surety without notice to him was unconstitutional and void.

In support of the motion, various affidavits were presented.   Counter affidavits were filed.   The motion was denied.   The said surety reviews the action of the trial court upon writ of error.   Various errors are assigned,

questioning the conclusion of the court upon the facts; one upon the refusal to hold that the act authorizing the taking of judgment against the surety without notice to him was unconstitutional, and one upon the refusal of the court to set aside the judgment and grant the surety a new trial to determine his liability upon the bond.

It is the claim of the appellant that after signing the bond in the replevin suit a writ of replevin was issued and returned without service; that thereafter a new affidavit was made and a new writ issued, the old bond being amended by inserting new dates therein; and that he was not consulted and did not consent to such use of the bond signed by him, nor to become surety in the suit last begun. It is his further claim that if proper practice had been pursued in the circuit court—that is to say, if he had been notified that a judgment was to be taken against him—he could in that court and proceeding have made the defense asserted. The court below was unable to find, and so stated, whether appellant did or did not consent to the use of the old bond in the new suit, and did find that appellant knew, before the cause was determined in justice's court, and after judgment was rendered therein, that the cause was proceeding in reliance upon the bond thus filed; that he was estopped to now assert nonliability upon the bond. The conclusion was supported by the affidavits, and we find nothing in it subject to review on error.

Is the judgment liable to be set aside because irregularly entered, or because of want of jurisdiction to render it? Previous to 1899, the statute did not provide for entering a judgment in replevin against any one, except the plaintiff or the defendant. There was no provision for rendering a judgment against the surety in the replevin bond in any case. In 1899 (Act No. 246, Pub. Acts 1899) considerable amendments were made to the statute, relating to replevin proceedings in circuit courts. Among others is a provision for returning property taken on the writ to the custody of the defendant, and one permitting either party, before the delivery of the property by the officer to the

opposite party, to claim and to secure a determination of his claim, that the property replevined had a special value to him which could not be satisfied in money, for which reason he ought not to be deprived of its custody. The sheriff, having seized the property, could surrender its custody to neither of the parties, except upon the execution of a bond running to the officer.

Before the amendment of 1899, section 34 of the act (Rev. Stat. 1846, chap. 124; 3 Comp. Laws, § 10680) read as follows:

"Whenever the defendant shall be entitled to a return of the property replevied, instead of taking judgment for such return, as above provided, he may take judgment for the value of the property replevied, in which case such value shall be assessed on the trial, or upon the assessment of damages, as the case may be, subject to the provisions of section twenty-nine of this chapter."

The legislature added the following:

"And in such case he shall be entitled to a judgment against the sureties in the bond given by the opposite party, on the delivery of the property to him by the officer, as well as against the principal. When judgment shall be rendered against a party and his sureties, pursuant to the provisions of this section, any execution issued thereon shall direct the officer to whom it is directed to make the amount thereof out of the goods, chattels, lands and tenements of the principal, naming him, and for want thereof, out of the goods, chattels, lands and tenements of the sureties."

This section was and is relied upon to sustain the judgment. The section 29 referred to in said section 34, is the section (3 Comp. Laws, § 10675) which provides that:

"When either of the parties to an action of replevin, at the time of the commencement of the suit, shall have only a lien upon  *  *  *  the goods and chattels described in the writ, and is not the general owner thereof, that fact may be proved on the trial, or on the assessment of value, or on the assessment of damages, in all cases arising under this chapter; and the finding of the jury, or court, as the case may be, shall be according to such fact, and

the court shall thereupon render such judgment as shall be just between the parties."

We do not understand that it is claimed that this provision for determining and giving judgment for a lien or special interest in the goods seized is not applicable to justices' courts, or to the determination of causes heard on appeal from justices' courts. It is not claimed, either, that section 34 of the act (section 10680) does not in terms permit a judgment for the amount of the special lien to be entered against the surety in the replevin bond. We therefore give no attention to either of these propositions. It is claimed that because plaintiff became nonsuited no determination of the amount of the lien could be made without some further notice; that only a judgment of nonsuit could be entered, and thereafter a 14-day notice to plaintiff of assessment of damages was required. This claim is predicated on the provisions of 3 Comp. Laws, § 10681, which reads:

"Whenever any damages shall be assessed, pursuant to any provisions contained in this chapter, the same notice thereof shall be given to the adverse party, as is required by law, and the practice of the court in the like cases in personal actions."

In *Wheeler* v. *Wilkins*, 19 Mich. 78, relied upon by appellant, the proceedings in replevin were quashed on motion of defendant. In the order which was made was the provision that the cause "stand for assessment of damages." No notice of assessment was given, and no judgment of waiver of return of the goods was entered, but at a subsequent term the court heard testimony and assessed damages for detention.

In *Hill* v. *Webber*, 50 Mich. 142 (15 N. W. 52), also relied upon by appellant, it appeared that neither party had noticed the cause for trial, although notices for two terms of court might have been given. Three days in advance of the opening of the second term defendants moved specially for nonsuit, filing and serving copy of affidavit and entering the motion in the special motion

book.   Later, in the absence of attorneys for plaintiff, the motion was granted, defendants filed a waiver of return of the property and submitted proofs of its value, for the amount of which the court at once entered judgment. These cases are not controlling of the present case.

In this case, the cause was noticed for trial at two terms of court, and, we assume, at the third term.   The record is not very complete upon the subject, but we assume from what appears and from the arguments which are made that at the third term the cause was regularly on the calendar and reached for trial.   A jury was selected; the plaintiff was called and did not appear.   It is provided in 3 Comp. Laws, § 10673, that:

"After issue joined in any action of replevin either party may give notice of trial and if neither party shall have noticed the cause for trial, the defendant may move for judgment as in case of nonsuit, in the same manner as in personal actions."

We have no such case.   We do not understand that defendant was required to accept merely a judgment of nonsuit with such interlocutory order as would continue the cause to some subsequent date; but that, being in court ready for trial, he had the right to then proceed as he might be advised to have his rights determined.

The point that the law violates the Constitution is not much discussed in the brief for appellant.   It is suggested, rather than urged, that the appellant will be deprived of his property without due process of law, and, further, that the surety in a replevin bond in justice's court cannot be presumed to have contemplated that in the circuit court, on an appeal, judgment might be rendered against him without a hearing.   We shall not seek for infirmity in the statute, and, as it appears to be admitted that if it is constitutional it is applicable, we find no reason for overruling the action of the circuit court.

It is affirmed.

BIRD, MOORE, BLAIR, and STONE, JJ., concurred.