SANDERS *v.* STATE.

## Opinion delivered July 4, 1927.

1. WITNESSES—AGE OF INFANT.—A girl 14 years old is presumed to have common discretion and understanding, and an objection to her competency to testify was properly overruled after her testimony was concluded and a rigid cross-examination made.

2. WITNESSES—COMPETENCY—DISCRETION OF COURT.—The question of the competency of a child as a witness is addressed largely to the discretion of the trial judge, and his discretion is not reviewable in the absence of clear abuse or manifest error.

3. CRIMINAL LAW—HARMLESS ERROR.—In a prosecution for rape, error in an instruction as to rape was harmless where the jury convicted defendant of the offense of carnal abuse.

4. CRIMINAL LAW—IMPROPER ARGUMENT OF PROSECUTING ATTORNEY.— In a prosecution for rape, the error of a statement of the prosecuting attorney that a letter which was excluded would "stick" defendant was not cured by a general instruction that the jury should not allow argument to influence them unless supported by law and testimony.

Appeal from Saline Circuit Court; *T. E. Toler,* Judge; reversed.

*Brouse & McDaniel,* for appellant.

*H. W. Applegate,* Attorney General, and *John L. Carter,* Assistant, for appellee.

KIRBY, J. Appellant prosecutes this appeal from a judgment of conviction against him of carnal abuse upon his trial upon an indictment for rape. He urges that the evidence is not sufficient to support the verdict; that the court erred in not withdrawing from the jury the testimony of the prosecuting witness for incompetency, she being incompetent to testify; in the giving of instruction No. 9, and in permitting the unwarranted and prejudicial remarks of the prosecuting attorney in his closing argument.

We do not regard it necessary to set out the testimony at length, but it will suffice to say that, after a careful consideration of the evidence, we think the jury was warranted in finding that the defendant had carnal knowledge of the girl, under the age of consent, and its verdict will not be disturbed on that ground.

No error was committed in refusing to exclude the testimony of the prosecuting witness on the ground that she did not know and understand the obligations of an oath. She was over 14 years of age, and presumed to have common discretion and understanding, and, no objection having been made to her examination on the ground of incompetency to testify until after her testimony was all introduced and a rigid cross-examination made, the right to have the testimony excluded was waived, the objection being untimely. *Flanagin* v. *State,* 25 Ark. 92, 28 R. C. L. 450, par. 37.

Then, too, the question of the witness' competency was addressed largely to the discretion of the trial judge, and, in the absence of clear abuse or manifest error, the judicial discretion is not reviewable. *Crosby* v. *State,* 93 Ark. 158, 124 S. W. 781, 137 Am. St. Rep. 80, and *Wakin* v. *Wakin,* 119 Ark. 514, 180 S. W. 471.

Neither can appellant complain of the error in the giving of instruction number 9, relative to the offense of rape, since the jury acquitted him of that crime and convicted him of the lesser offense of carnal abuse, in which the questions of resistance and outcry of the female are not involved, and any error committed in the giving of said instruction was harmless. *James* v. *State,* 161 Ark. 389, 256 S. W. 372.

The court has concluded, however, that error was committed in permitting the remarks of the prosecuting attorney complained of in the closing argument. The record recites: "This note we were not permitted to introduce in evidence to show you what was in the note, I wish we could have; I believe at the time she went to Little Rock and got these witnesses and wrote this note they were laying plans to have Coon Young present and in the car on that night that this heinous crime was committed. Coon Young was not there, I know he was not there, you know he was not there. They knew this was the evidence that would stick them, and they did not want it before you. They have done everything in their power to prevent justice being done. That is the kind of a mother this is."

Much of the testimony was directed to proving that Coon Young came to the dance in the car with defendant, the girls and their mother, contradicting the testimony of the prosecuting witness and her little sister, that he did not come to the dance, nor ride in the car with them; notwithstanding the mother of the girls had also testified that he did accompany them to the dance and took the two little girls out of the car and into the dance hall, leaving her and the defendant in the car a few minutes until they could follow.

It was shown that the mother had written a note to the girl which the court would not permit introduced in testimony, and the majority think that the argument and comments of the prosecuting attorney upon the fact, with the statement of his belief that the mother had come to Little Rock and got witnesses and had written the note or letter making plans to have Coon Young present in the car on the night the crime was committed out there, and his positive statement that, ''Coon Young was not there, I know he was not there, you know he was not there. They knew this was the evidence that would stick them, and they did not want it before you,''—was unwarranted, and necessarily prejudicial. It is true that the court gave an instruction to the jury telling them they should not allow any argument of the counsel to influence them in any way, unless it was supported by the law and testimony, but this instruction was given along with the others, the improper argument having been allowed to be made, over the objection of the defendant, and, not having been withdrawn nor the jury specially admonished not to consider it, the said instruction could not operate to remove the prejudice against the rights of the defendant in erroneously permitting the prosecuting attorney to make the argument. *Hays* v. *State,* 169 Ark. 1175, 278 S. W. 15; *Hughes* v. *State,* 164 Ark. 621, 243 S. W. 70.

For the error designated the judgment is reversed, and the cause remanded for a new trial.