## DALLAS RY. & TERMINAL CO. et al. v. SMITH et al.

### No. 1143.

Court of Civil Appeals of Texas. Waco.

Oct. 8, 1931.

Worsham, Rollins, Burford, Ryburn & Hincks, W. B. Handley, Allen Charlton, and C. J. Shaeffer, all of Dallas, for appellants.

McCormick, Bromberg, Leftwich & Carrington and L. C. Huvelle, all of Dallas, for appellees.

ALEXANDER, J.

This was an action brought by Mrs. Gladys Smith, joined by her husband, against the Dallas Railway & Terminal Company, and Houston H. Nichols and L. L. Nichols, a firm operating under the name of Nichols Auto Rent Company, for injuries alleged to have been sustained by Mrs. Smith by reason of her having been struck by a street car operated by the Dallas Railway & Terminal Company and a taxicab operated by Nichols Auto Rent Company. A trial was had before a jury and resulted in a verdict and judgment for the plaintiffs against the defendants, jointly and severally, in the sum of $4,000. All defendants have appealed.

■ Counsel for the plaintiff opened the argument of the case, and at the conclusion of his argument the case was submitted to the jury without argument on the part of the defendant. The appellants complain of the argument of counsel for the plaintiff before the jury. The argument complained of was in part as follows:

"If they (the street car company) have done this woman a great wrong and caused her to suffer from this injury, as man to man I ask you to make them pay, and pay, and pay, as they have made her suffer. I don't believe there is one of you here who would see one of your own folks in an accident of that kind, yes, your own wife, but would feel you were entitled to pay, some compensation in money —there is no sufficient money in this world to cure and heal an injury of this sort. But you need not get that small I am sure, nay, I would not go through it for fifty thousand or a hundred thousand, and I don't believe you would, gentlemen."

"Now then, we get into the great question of what would compensate them for the injuries sustained by Mrs. Smith. That is another proposition, take it to your home, men, take it to your home. What would compensate you if your wife went through what this little woman has gone through? There is no doubt that she has been injured and seriously injured, and has suffered and will suffer and continue to suffer. Give us what you think you would want your wife to have— what you think you would be entitled to."

The above argument was an appeal to the prejudice of the jury and calculated to induce the jury to abandon their position as fair and impartial jurors and to assume the position of a partisan or claimant in the case. The jury was told to give the plaintiffs, not what would reasonably compensate her for the injuries sustained, as directed in the court's charge, but what they would want or think they were entitled to if they were the plaintiffs in the case. This was an appeal to the jury to apply an improper measure of damages contrary to that given in the charge. Such argument was unwarranted and calculated to prejudice the rights of the appellants. Brown Cracker & Candy Co. v. Castle (Tex.Civ.App.) 26 S.W.(2d) 435.

It has been held that where the argument is calculated to injure the rights of the complaining party and there is reasonable doubt of its harmful effect, the case must be reversed and the burden is not on the appellant to show that his rights were in fact prejudiced. Floyd v. Fidelity Union Casualty Co. (Tex. Com. App.) 39 S.W.(2d) 1091; Bell v. Blackwell (Tex. Com. App.) 283 S. W. 765.

■■ Counsel for the plaintiff in his opening argument further said:

"We are at a disadvantage in trying this case many months after the injury has occurred, and nature has healed her condition, apparently, on its face, but do not forget that she is internally and permanently and seriously injured, in that she may never get over it. You have heard of various doctors turning out soldiers from the hospitals after the war, presumably and apparently upon their face well, and you have heard and read in papers months and years later where they have been returned to the hospital and where they probably died from the original injury received during the war; an injury that— who knows what this will bring upon Mrs. Smith in later years?"

"You all know that between there Elm Street on Elm or off side, we have five theatres, and at night that is a very busy place. Thousands of people cross at Stone Street coming and going from the theatres. It is a passageway that the street cars and taxicabs should take notice of and respect the life of human beings who have a right to be on the street, as well as they. But, no, they have got to the point where they believe they own the street because they make their living on the street, and you as pedestrians have no rights. Just think of it. Two of the most reckless and dangerous instruments that travel our thoroughfares—the one man street car and a taxicab coming from opposite directions and entrapping this woman."

The above argument placed before the jury information to the effect that government physicians had turned out soldiers as being in sound health who were in fact in unsound health, and thus raised the inference that the medical witnesses who had testified in this case had made a similar mistake. There was no evidence in the record that the government physicians had made such mistakes and such evidence, if it had been offered, would have

been inadmissible. Yet, counsel was allowed to introduce such evidence by his own unsworn, ex parte statement. Neither was there any evidence that there were five theaters located near the scene of the accident and that thousands of people crossed the street at the place of the accident coming and going from theaters. This argument was improper. Brown Cracker & Candy Co. v. Castle (Tex. Civ.App) 26 S.W.(2d) 435.

The judgment of the trial court is therefore reversed, and the cause remanded for a new trial.