Hogan *v*. State.

Crim. 3954

Opinion delivered October 14, 1935.

Paul E. Gutensohn and George W. Dodd, for appellant.

Carl E. Bailey, Attorney General, and Guy E. Williams, Assistant, for appellee.

McHaney, J. Appellant was tried and convicted of the crime of rape, committed on a ten-year-old girl, and sentenced to death by electrocution. Inasmuch as the sufficiency of the evidence to support the verdict and judgment against him is not brought into question, and the details thereof are so revolting, we deem it unnecessary to set out the facts as given in evidence, for it would serve no useful purpose so to do. Suffice it to say that the evidence overwhelmingly supports the verdict of the jury, and the judgment of the court based thereon.

Several assignments of error are urged for a reversal of the judgment and sentence against appellant, but we do not think it necessary to discuss them all. One of the alleged errors so urged for our consideration relates to the action of the trial court in excluding the public from the courtroom for about ten minutes during the examination of the little girl who was the victim of appellant's fiendish passions. This assignment is based upon article 6 of the amendments to the Constitution of the United States, and a like provision contained in article 2, § 10, of the Constitution of this State, both of which provide: ''In all criminal prosecutions the accused shall enjoy the right to a speedy and public trial.''

The trial began on April 15th, and on that date the prosecuting witness had been put upon the stand to testify on behalf of the State against appellant. She made a very unsatisfactory witness. After the State had closed its case and appellant had testified in his own behalf on said date, court adjourned to the following morning, at which time the prosecuting attorney requested the court for permission to recall the little girl for further examination, and for an order to clear the court room while she testified. Whereupon the court made the following statement: ''The court will grant the request of the prosecuting attorney because it was apparent to the court that the prosecuting witness was frightened and embarrassed at the time she was called upon to testify yesterday; that there was a very large crowd in the courtroom at the time; and at this time the courtroom will be cleared of every person in here except the jury for ten minutes.'' Appellant objected to the exclusion of the public from the courtroom on the ground that he was entitled to a public trial under the above constitutional provisions, and that the order of the court clearing the courtroom was an invasion of his constitutional right to a public trial. This objection was overruled, and an exception was taken. The prosecuting witness was then recalled and further examined, and gave very damaging testimony against appellant. We cannot agree that he was deprived of a public trial within the meaning of said constitutional provisions. It was ap-

parent to the court and to every one else in the court-room, and is apparent to us from a reading of her testimony given on the previous day, that she was terribly frightened and embarrassed to have to go upon the witness stand in the presence of a courtroom crowded with people and give testimony that must have been embarrassing and humiliating to her in a high degree. Under this situation she failed to give testimony which the court felt she could give if the embarrassment of the large audience in the courtroom were removed.

In 16 C. J., page 807, § 2052, it is said that it is within the discretion of the court to clear the courtroom where the court feels that it is necessary to do so "to secure the administration of justice, and to facilitate the proper conduct of the trial, as where the courtroom is crowded to such an extent as to interfere with the orderly administration of justice. It has also been held under some constitutional or statutory provisions, that in cases where the evidence is of a peculiarly indecent and vulgar character, the court may, in the interest of public morality and decency, exclude from the courtroom all persons except the jurors, witnesses, and others connected with the case, although there are decisions to the contrary."

In *State* v. *Damm*, (South Dakota), 252 N. W. 7, the defendant was charged with second degree rape committed upon his foster daughter, thirteen years old. She was a witness against him and, after being examined by the State for some time, she commenced to cry, and it was apparent that she was greatly embarrassed and emotionally disturbed. Upon motion of the State's attorney, the court cleared the courtroom during the remainder of her testimony, and this was assigned as error on appeal. The court in overruling the assignment said: "How far, for how long, and to what extent the public may be excluded from a trial of a criminal case without infringing upon the constitutional right of the defendant is a matter of some conflict in the authorities. Cf. Cooley's Constitutional Limitations, (8th Ed.) p. 647; *State* v. *Callahan*, (1907) 100 Minn. 63, 110 N. W. 342; *Reagan* v. *U. S.*, (1913) 202 F. 488, 120 C. C. A. 627, 44 L. R. A.

(N. S.) 583; *Moore* v. *State*, (1921) 151 Ga. 648, 108 S. E. 47; *State* v. *Saale*, (1925) 308 Mo. 573, 274 S. W. 393; *State* v. *Bonza*, (1928) 72 Utah 177, 269 Pac., p. 480. In the instant case, it is to be observed that appellant made no request to have any specific person or persons or his friends exempted from the effect of the exclusion order. The order was effective only during the testimony of the prosecutrix. In view of the nature of the case and the age of the prosecutrix, her embarrassment and disturbance are readily understandable. Under all of the circumstances here appearing, we do not think the court abused its discretion or committed prejudicial error by its ruling, or deprived appellant of a public trial within the meaning of the constitutional provisions.''

There are a number of cases on the subject, and the authorities are divided on the question now presented. We think it would be a work of supererogation to undertake a review of them. So far as the diligence of counsel discloses or as we have been able to find, this court has never decided the question. We are of the opinion, however, that the South Dakota court in *State* v. *Damm*, *supra*, correctly held that the court room might be cleared for a short period of time in the interest of justice, and that such matter rests in the sound discretion of the trial court. We therefore hold in this case that the trial court did not abuse its discretion.

Another assignment of error urged for a reversal of the judgment is that the prosecuting witness was not a competent witness. On this question but little need be said in view of the disposition we make of this case on another assignment of error. Without reviewing the questions asked and answers given by her touching on her competency as a witness, we hold, after a careful consideration thereof, that she was a competent witness and that the court did not err in permitting her to testify on being recalled, over appellant's objections.

Another assignment of error relied upon relates to a statement of the prosecuting attorney in retorting to a statement made by counsel for appellant when the latter was making his closing argument to the jury. The record reflects that there are two bills of exceptions relating to

this matter, one being that approved by the court and the other a bystanders' bill. During the closing argument of one of counsel for appellant, he stated to the jury that the prosecuting attorney wanted to burn the defendant for political effect, so that he could tell the people that he had burned a man. The prosecuting attorney objected to this argument, and the objection was sustained by the court. Later the same counsel stated in effect that the prosecuting attorney wanted to have his Roman holiday; that he wanted to inflict the death penalty on appellant, so that he could tell the people that he had burned a man. Thereupon, the prosecuting attorney arose to his feet and objected to the remark, and, in the presence of the jury, exclaimed: "You know that is not true; you know that in yonder you offered to plead guilty, and the court would not accept your plea." That is the statement made as reflected by the court's bill. According to the bystanders' bill, the statement of the prosecuting attorney was as follows: "Mr. Gutensohn, (counsel for appellant) you know that is not so, and you know that in yonder (pointing to the judge's chamber) you tried to plead the defendant guilty and take life, and the court would not accept your plea." Counsel for appellant objected to the statement of the prosecuting attorney, which objection was sustained by the court with this statement: "The statement of the prosecuting attorney will be withdrawn from the consideration of the jury, and you will not consider it in passing upon the guilt or innocence of the defendant, and you will try this case only according to the law and evidence as presented here." The statement of the prosecuting attorney referred to this: At the conclusion of the testimony, both sides having rested, counsel for appellant asked for a conference with the court and the prosecuting attorney in the judge's chambers. This request was granted by the court, and, upon retiring to the judge's chambers, counsel for appellant stated that appellant desired to plead guilty if the court would give him a sentence of life imprisonment. The court and the prosecuting attorney agreed to accept appellant's plea of guilty and assess

his punishment at life imprisonment. Whereupon, the following transpired:

"Hogan: I would like to say another thing. The Court: You may say anything you want to. Hogan: My mother testified this morning that I was not right, and I am not right; my mind was tested in Little Rock. The Court: I cannot accept your plea. Hogan: No, that is all right. The Court: I cannot accept your plea of guilty at this time, and we will proceed with the trial."

It is insisted by appellant that the statement of the prosecuting attorney is erroneous and highly prejudicial. The State defends on the ground that, even though the statement was erroneous, it was an error invited by the statements of counsel for appellant, and, if not invited, that any prejudicial effect was removed by the remarks of the court in sustaining appellant's objection thereto. We cannot agree with the State in either defense of the remarks made. The statement of the prosecuting attorney, whether the one shown by the court's bill or the one in the bystanders' bill, was a statement of a material fact not in evidence and not competent to be proved, and was bound to be prejudicial. It was in the nature of an offer to compromise, and it is well settled that offers to compromise even in civil cases cannot be shown on a trial of the case. The statement of counsel for appellant was merely an expression of an opinion on his part as to the reason why the prosecuting attorney was seeking vigorously the infliction of the death penalty upon appellant. It was improper argument, and the trial court so held and sustained an objection thereto. Even so, it did not justify the prosecuting attorney in retorting that the appellant had offered to plead guilty in yonder, pointing to the judge's chambers, and that the court refused to accept his plea. Neither can we agree that the statement of the court in withdrawing the remark from the consideration of the jury removed the prejudicial effect thereof. As said by Judge Mulkey in *Quinn* v. *People*, 123 Ill. 333 [15 N. W. 52], quoted by Judge Wood in *German-American Insurance Company* v. *Harper*, 70 Ark. 305, 67 S. W. 755: "As well might one attempt to brush off with

the hand a stain of ink from a piece of white linen'' as to remove from the minds of the jury the impression that must have been created by the remarks of the prosecuting attorney. In *Adams* v. *State,* 176 Ark. 916, 5 S. W. (2d) 946, we said: ''This court will always reverse where counsel go beyond the record to state facts that are prejudicial to the opposite party, unless the trial court by its ruling has removed the prejudice. *Hughes* v. *State,* 154 Ark. 621, 243 S. W. 70; *Hayes* v. *State,* 169 Ark. 1173, 278 S. W. 15; *Sanders* v. *State,* 175 Ark. 61, 296 S. W. 70. But this court does not reverse for a mere expression of opinion of counsel in their argument before juries, unless so flagrant as to arouse passion and prejudice, made for the purpose and necessarily having that effect.''

It does not necessarily follow, however, that, because this error was committed, the case must be reversed and remanded for a new trial. We think the error may be cured by accepting his plea of guilty and reducing his punishment to life imprisonment, which the trial court would have done but for his insistence that he was ''not right in his mind,'' although he assured the court that it would be all right to do so. The question of his sanity was submitted to the jury, and by its verdict he has been found to be sane.

Other errors are assigned and argued in the briefs which we have examined and find without merit. We deem it unnecessary to discuss them.

The sentence will be reduced from death to life imprisonment, and the judgment as thus modified will be affirmed. It is so ordered.