Crim. 4010.

Opinion delivered October 26, 1936.

*A. G. Meehan, J. E. Ray* and *John W. Moncrief,* for appellant.

*Carl E. Bailey,* Attorney General, and *Guy E. Williams,* Assistant, for appellee.

McHaney, J. Appellant was indicted for murder in the first degree for the shooting and killing of one Doc Mays, was convicted of manslaughter and sentenced to two years in the penitentiary.

For a reversal of the judgment, appellant first says the court erred in permitting the prosecuting attorney to ask him on cross-examination the following questions:

"Q. Doc Mays is not the first man you have ever killed? A. Yes, sir. Q. Didn't you hit this fellow Painter over the head and didn't he die from that lick? A. I

don't know what he died from. Q. You hit him with some blunt instrument and he died shortly afterward?''

There was no answer to the last question, for at that point counsel objected unless it could be proved by the records. To which the court replied: ''He is bound by his answers.'' No further objection was made and no exceptions were saved. Later, on redirect examination, he was examined on the same subject by his counsel. On re-cross examination he was asked by the prosecuting attorney this question: ''After the court heard your testimony in the Painter case, he ordered you held and you made bond?'' An objection to this question was sustained.

In his argument to the jury the prosecuting attorney made this statement: ''Mays is not the first man this defendant ever killed. He knocked one Painter in the head with a club and killed him.'' Counsel for appellant objected to said statement and asked the court to declare a mistrial, which the court refused to do, but stated that the other case was not on trial, had nothing to do with the present case, ''and the jury is not to consider the other case in any manner whatsoever.''

We cannot agree with appellant that any error was committed in this connection. Appellant did not object to the questions asked except to the last, and it was not answered. And the court excluded the statement of the prosecuting attorney made in argument and told the jury not to consider the other case in any manner whatsoever. No error was committed in refusing to declare a mistrial, as we are of the opinion that, assuming the remark made in argument was improper, the instruction of the court that the jury was not to consider it in any manner whatsoever had the effect of removing any prejudice that might otherwise have been caused thereby. It is the rule in this court that trial courts are vested with wide discretion in determining whether the remarks of counsel in argument are within their legitimate scope and that while this court will always reverse where counsel go beyond the record to state facts that are prejudicial to defendant, unless the trial court by its ruling has removed

the prejudice, it will not reverse for mere expression of opinion of counsel in argument, unless so flagrant as to arouse the passion and prejudice of the jury and necessarily having that effect. *Adams* v. *State,* 176 Ark. 916, 5 S. W. (2d) 946; *Jackson* v. *State,* 179 Ark. 318, 16 S. W. (2d) 2; *Bethel and Wallace* v. *State,* 180 Ark. 290, 21 S. W. (2d) 176. Here, the remarks of the court made on objection to the remarks of the prosecuting attorney had the effect of removing any prejudice, if any, that might have resulted from such remarks.

It is next insisted that the court erred in interrogating appellant on its own motion. After appellant had been examined and cross-examined and re-examined by his counsel, the court, evidently feeling the need of developing certain information from appellant as to what occurred immediately prior to the shooting and immediately thereafter, asked him a number of questions, all over objections by his counsel. We do not set these questions and answers out in detail for it would serve no useful purpose so to do. It is contended that this examination by the court could have had only one effect on the jury and that was that the court believed appellant guilty. We cannot agree with appellant in this regard, and we have carefully read the questions asked and the answers given and do not find them open to this objection. None of them expressed any opinion of the court as to appellant's guilt or innocence, but were questions which sought to elicit information from appellant which had not been fully developed by counsel, or at least the court apparently so thought.

It is finally insisted that the court erred in refusing to give appellant's requested instructions "2" and "3," which are as follows: "Gentlemen, you are instructed that one has the lawful right to defend himself and his habitation against unlawful intrusion and assaults of another and in so doing to use such force as to him, under all the circumstances and surroundings, appears reasonably necessary."

"It is not essential to successful plea of self-defense that the life of the person making this plea was in actual

danger or that he was in actual danger of great bodily harm.''

We think no error was committed in refusing these instructions for insofar as they were correct declarations they were fully covered by instruction No. ''4,'' which is as follows:

''If one, acting as a reasonably prudent person under all the circumstances and surroundings, viewed from the standpoint of the defendant at the time, in good faith believes from the actions and demonstrations of another, that such other person is making or about to make an unlawful and wrongful assault upon him endangering his life or subjecting him to great bodily injury and in good faith believes the apprehended danger imminent, he has the lawful right to defend himself against such apprehended assault and in so doing to use such means and force as to him, judged from the surroundings and circumstances, appears necessary to his own protection and defense.''

The court is not required to multiply instructions covering the same, or substantially the same, subject-matter. There appears to be no error in the record, and the judgment must be affirmed. It is so ordered.