WELLS *v.* STATE.

Criminal 4082

Opinion delivered March 14, 1938.

*Kenneth C. Coffelt,* for appellant.

*Jack Holt,* Attorney General, and *John P. Streepey,* Assistant, for appellee.

BAKER, J.   Odie Wells, the appellant in this case, was charged jointly with Amel Guerin with the crime of grand larceny, committed in Saline county.  Amel Guerin entered a plea of guilty, but Wells was tried.  To reverse the judgment and sentence in his case he filed a motion for a new trial assigning eight different alleged errors. Upon appeal, however, he waived all of them except the seventh, which was "because of the prejudicial statements to the jury made by the prosecuting attorney during his argument."

There were two or three statements made by the prosecuting attorney to which objections were made and these will be taken up and disposed of in the order in which they were presented in the brief.

The prosecuting attorney made a statement during his argument referring, as we presume, to the counsel for the appellant as follows:  "He didn't get to defend him because he plead guilty."   He was asserting counsel for appellant did not defend Guerin because Guerin

pleaded guilty. Objection was made by counsel of appellant to this statement and a further statement by him that he had not tried to see Guerin, had never seen him, and did not know anything about him, thereupon the court admonished the jury to the effect that the statement so made by the prosecuting attorney was improper. The prosecuting attorney, Mr. Glover; Mr. Coffelt, counsel for appellant; and the court entered into a colloquy as follows: "Mr. Glover: 'and there is no use in taking up the time of this jury . . .' Mr. Coffelt: 'I want to object to the argument about taking up the time of the jury. He ought to be stopped because we have a right to present our defense. This is improper and I ask the court to charge the jury.' The Court: 'That is improper. Confine your argument to the testimony', Mr. Glover: 'All right. I will do it this way. People that are guilty that get into the court room and take the method that he is taking, when there is absolutely no question about the guilt . . .' Mr. Coffelt: 'I want to object to the argument of the prosecuting attorney in telling the jury that there is absolutely no question about the guilt of the defendant and ask the court to instruct the jury.' Court: 'Gentlemen of the jury, that argument is improper. It is a question for you to find him guilty and not the prosecuting attorney. Don't express your opinion.' "

The foregoing statements are all that were presented to us upon which the alleged error is predicated. It is seriously argued that the prosecuting attorney was outside the record and that his statements were prejudicial and on account thereof the appellant is entitled to a new trial.

We have not been given the entire setting, or background, out of which this colloquy arose, neither do we know any justification for the statements made. On the other hand the burden is upon the appellant to show there was error, or, otherwise stated, that the arguments or remarks of the prosecuting attorney were of such nature, or character that error must be presumed. We are not unaware of the fact that there could be a situation or occasion wherein an apparently innocent remark, if made

under certain conditions, could be highly prejudicial. No such showing has been made upon this appeal. The statements under consideration are in themselves harmless. We could not think a jury would be influenced to visit upon a prisoner at the bar any resentment they might feel against his counsel even if we presumed the chidings or scoldings of the prosecuting attorney were justified. But we indulge no such presumption.

We are not presumed, or even permitted to assume as a matter of fact or law that if some remark should be made and be objected to it is prejudicial, even though the trial court should deem it improper, and so instruct the jury. The rule is otherwise.

This court has had occasion recently to consider erroneous arguments or statements made in the presence or hearing of the jury. One of these cases was *Hogan* v. *State,* 191 Ark. 437, 86 S. W. 2d 931, the other was *Missouri Pac. Rd. Co.* v. *Foreman,* 194 Ark. 490, 107 S. W. 2d 546. In both of these cases counsel in the conduct of the trial far overstepped the bounds of propriety and made arguments or statements of fact concerning matters about which no witness had testified. Such statements were wholly unwarranted from any testimony given, or by reason of any inference, deduction or conclusion that might have been drawn from evidence presented. The declarations so made tended to present facts vital to a determination of issues before the jury. They were not merely expressions of opinion, fairly deducible from testimony heard on the trial.

On the other hand where counsel in the presentation of a case merely expresses some opinion, perhaps not wholly warranted, or by some declaration that must be deemed a conclusion of counsel, either from some particular portion of the testimony, or from all of it considered as a whole, or may be under certain conditions, from the lack of it, such arguments are not ordinarily improper, but if so, upon objection made, the court admonishes the jury not to consider it the apparent error or default is cured.

828

A very recent case presented and exemplified the point we are making. The prosecuting attorney made statements which were objected to, but due admonition by the trial court was held to correct the apparent error. We said in that case if any prejudice might have resulted to appellant on account of these remarks it was removed by the court when he told the prosecuting attorney to confine his argument to the evidence and told the jury to consider the evidence as given by the witnesses only. This was in accordance with the rule announced in *Hicks* v. *State,* 193 Ark. 46, 97 S. W. 2d 900; *Sims* v. *State,* 194 Ark. 702, 109 S. W. 2d 668.

No error appearing, the judgment is affirmed.