THACKSTON *v.* STATE.

4289                                                     169 S. W. 2d 130

Opinion delivered March 15, 1943.

*M. L. Reinberger* and *Rowell, Rowell & Dickey*, for appellant.

*Guy E. Williams,* Attorney General, and *Earl N. Williams,* Assistant Attorney General, for appellee.

CARTER, J. T. L. Thackston was convicted of the crime of receiving stolen property and he appeals. He complains here of but two alleged errors at his trial.

*First.* The property alleged to have been stolen consisted of six automobile wheels, tires and tubes. Before his trial began, the sheriff placed in the hall outside the courtroom door some eighteen wheels and fourteen tires and tubes. According to the prosecuting attorney, all of this property was evidence in cases set for trial in which both parties had announced ready, he had caused the property to be brought to court, and he did not know which case he might try first. Six of the eighteen wheels had been placed in the courtroom.

The defendant objected to this display in and near the courtroom, where the members of the jury panel might see it and comment on it, "for the reason that it is prejudicial as the information only charges he received six tires and six wheels and it magnifies the charge against this defendant." He stated there had been considerable comment among the prospective jurors. This was prior to the beginning of the trial.

On this objection, the court ordered all the property removed except that involved in the Thackston case "and that having been done the objection will be overruled." The defendant saved exceptions. The defendant then pleaded not guilty, and a jury was selected and the trial began.

There was no error in the action of the trial court. The defendant did not move to quash the panel or for a continuance. The defendant objected to the presence of eighteen wheels when he was only charged with receiving six. The court immediately caused the removal of all property except that on which this charge against this defendant was based. The court acted upon defendant's objection in the only way he could have acted. He denied no request. It is not urged as error that he permitted the wheels, etc., involved in this case, to remain. The State had to prove, and did offer proof, that the six wheels which remained were stolen and had been found in this defendant's possession. Defendant, on the stand, admitted buying these wheels, etc., and his vendor admitted having stolen the same. The only question was whether the defendant knew they were stolen. The defendant simply objected to the presence of the surplus

property. The court promptly ordered it removed. There was nothing to which to save exceptions. Assuming, without deciding, that the exhibition of tires, tubes and wheels prior to the trial did tend to create a prejudicial atmosphere, the trial court sustained the objection made thereto by ordering a removal of the surplus property and he was not asked to do anything else.

*Second.* The other alleged error is that, in his closing argument, the prosecuting attorney argued to the jury that it ought to fix appellant's sentence at twenty-one years and said: ". . . you must bear in mind that he is entitled to parole when he has served a third of his time." The defendant objected to this remark. The prosecuting attorney then qualified his remark by saying: ". . . if he makes a good prisoner." The court then said: "The court will sustain the objection and say to you gentlemen that you mustn't consider that for any purpose in arriving at your verdict. That is something you are not concerned with and shouldn't be considered by you whatever."

The defendant then asked for a mistrial and this was denied.

The jury fixed defendant's punishment at the minimum under the law.

There can be no doubt that the effect, if any, of this argument was eliminated by the court's prompt, emphatic and vigorous admonition to the jury that it must not consider this remark for any purpose.

One of the late decisions of this court on this matter is *Hicks* v. *State*, 193 Ark. 46, 97 S. W. 2d 900. There the prosecuting attorney argued: "Mays is not the first man this defendant ever killed. He knocked one Painter in the head with a club and killed him." The defendant objected and asked for a mistrial. The court refused to declare a mistrial, but told the jury not to consider the Painter matter in any manner whatsoever. This court held there was no error in refusing to declare a mistrial, that the instruction removed any prejudice that might otherwise have been caused. The same is true

here. The court did not err in refusing to declare a mistrial.

The judgment is affirmed.