ADAMS *v.* STATE.

4908                          318 S. W. 2d 599

Opinion delivered December 15, 1958.

*J. D. Thweat, Virgil Moncrief & John W. Moncrief,* for appellant.

*Bruce Bennett,* Atty. General and *Bill J. Davis,* Asst. Atty. General, for appellee.

J. Seaborn Holt, Associate Justice. On a charge of the crime of rape (Sec. 41-3401 Ark. Stats. 1947) appellant, Adams, was convicted of assault with intent to commit rape (Sec. 41-607 Ark. Stats. 1947) and his punishment fixed at a term of three years (the minimum) in the state penitentiary. From the judgment is this appeal.

The prosecuting witness had a "blind" date with Adams on the night of July 21, 1957, and accompanied him in a car to a drive-in movie. During the show Adams made such improper advances towards her that she got out of the car. After the movie was over appellant borrowed a car and started to take her home, however, before arriving there Adams turned off on a side road, began trying to assault her and when she jumped out of the car appellant ran after her, caught her, threw her on the ground and forcibly and against her will had sexual intercourse with her.

Appellant concedes that the evidence was sufficient to support the verdict of the jury but earnestly contends that reversible error was committed by remarks of the prosecuting attorney in his opening and closing arguments to the jury. In this connection the record reflects: "Opening Argument—By Mr. Lee: Now gen-

tlemen of the jury I don't charge people with anything or for any crime unless I know what I am doing. Mr. Moncrief: If the court please we object to the statement that Mr. Lee just made, that he doesn't charge people with anything or any crime unless he knows what he is doing and that is the exact statement that he made and we are objecting to it, and we would like the court to tell the jury to disregard it. The court: Gentlemen of the jury Mr. Lee wasn't a witness to this case and he has only acted by his official duties that is required by him and you are to consider the case on the law and the evidence that is introduced and not on the argument of counsels. Mr. Moncrief: Note the defendant's exceptions. Closing Argument—By Mr. Lee: Now, gentlemen if you turn this man loose go home and tell your daughters that you made it really hard for them today because you turned a man loose that can run over them and take anything from them he wants to and then come up here and tell cock and bull story and get away with it. Mr. Moncrief: If the court please we object to the statements that Mr. Lee just made. Mr. Lee is trying to compare the juror's daughters with some girl that goes out on blind dates and I am sure that none of the jurors try to get blind dates for their daughters or even allow their daughters to go out on blind dates and we are objecting to the statements that Mr. Lee just made, that if they turn this boy loose that he can run over their daughters and take anything away from them he wants to and then come up here and tell some cock and bull story and get away with it. The court: As I have told the jury before that you are not to consider the case on the arguments of counsels but on the law and the evidence introduced. Mr. Moncrief: Note the defendant's exceptions.''

We have concluded that appellant was correct in his above contention and that the judgment must be reversed for the above error. The duty and responsibility of a prosecuting attorney is a high and important one, and has been announced by this court many times. It is as much his duty to protect the innocent as to convict

the guilty. In *Holder* v. *State*, 58 Ark. 473, 25 S. W. 279, we said: ''A prosecuting attorney is a public officer 'acting in a *quasi* judicial capacity.' It is his duty to use all fair, honorable, reasonable and lawful means to secure the conviction of the guilty who are or may be indicted in the courts of his judicial circuit. He should see that they have a fair and impartial trial, and avoid convictions contrary to law. Nothing should tempt him to appeal to prejudices, to pervert the testimony, or make statements to the jury which, whether true or not, have not been proved. The desire for success should never induce him to endeavor to obtain a verdict by arguments based on anything except the evidence in the case and the conclusions legitimately deducible from the law applicable to the same. To convict and punish a person through the influence of prejudice and caprice is as pernicious in its consequences as the escape of a guilty man. The forms of law should never be prostituted to such a purpose." See also *Kansas City, Ft. Smith & Memphis RR Co.* v. *Sokal,* 61 Ark. 130, 32 S. W. 497.

In reversing the judgment for prejudicial remarks of the prosecuting attorney, similar in effect to those in the present case, in the case of *Hughes* v. *State,* 154 Ark. 621, 243 S. W. 70, we used this language: ''Lastly, appellant contends that his rights were prejudiced by the following statements of the prosecuting attorney made in closing the argument, to-wit: 'I know he is guilty, I am willing to meet my God in the next hour knowing that Hughes is guilty, because I am thoroughly convinced. I have examined the testimony and know so much about it, and know things that never get to anybody else.' When this statement was made, the counsel for appellant objected, and the court stated that the argument of the prosecuting attorney was improper and the jury should not consider it. The statement was an attempt on the part of the prosecuting attorney to testify. He, in effect, said that he was in possession of facts which could not be revealed to the jury, but which riveted conviction upon appellant. Coming from a sworn

official, the remark was calculated to make a deep impression upon the minds of the jurymen. It cannot, perhaps, be classed with remarks the effect of which cannot be removed even by a solemn admonition of the court, but it was certainly a flagrant violation of the right of appellant to a fair and impartial trial vouchsafed to him by the Constitution and laws of the State of Arkansas. Considering the highly prejudicial character of the remark, its effect could not be removed by a mild admonition of the court.''

As indicated, we hold that the above remarks of state's counsel were highly improper and prejudicial to appellant's rights. His remarks referring to the daughters of the jurors were improper and inflammatory and tended to arouse passion and prejudice. ''The appeal to the jury to put themselves in plaintiff's place was improper. One doing that would be no fairer judge of the case than would plaintiff herself. *Dallas Ry. & Terminal Co.* v. *Smith,* 42 S. W. 2d 794. The fact must be very plain to justify a lawyer in declaring his opponent's case to be trumped up,'' *F. W. Woolworth Co.* v. *Wilson,* 74 Fed. 439, 98 A. L. R. 681. Here the mild rebuke of the court was not sufficient to remove from the minds of the jury the damage done.

Since the judgment must be reversed and remanded for a possible new trial for the above error, we do not discuss the other assignments of alleged errors, other than to point out that we think the prosecuting attorney was allowed too much latitude on his cross-examination of appellant, Adams, and that the trial court abused its discretion in permitting it. While our rule is that a defendant when he submits himself, as here, to cross-examination is in the same position as any other witness, and in testing his credibility may be asked about previous convictions of offenses and about his personal habits and associates, we think improper and prejudicial questions were permitted. Over appellant's objections and exceptions the prosecuting attorney was permitted to ask appellant: ''Q. Did you ever assault an-

other female? A. No, sir. Q. Did you ever assault a Mr. Emmett Honn's daughter? A. No, sir . . . Q. Did you assault a woman down at Radel? A. Where? Q. Radel? A. Never been down there. Q. You have never been down there or in that county? A. Not that I know of." We think these questions were highly prejudicial and improper in the circumstances. The record before us fails to show, in the slightest degree, that appellant had ever assaulted any other woman. Without any basis of fact whatever, the state's counsel was permitted to question appellant about imaginary assaults of two other women, which obviously, we think, would tend to inflame the minds of the jury against appellant.

The judgment is reversed and the cause remanded for a new trial.

Mr. Justice McFADDIN dissents.

ED. F. McFADDIN, Associate Justice (dissenting). I find no reversible error in this case, and, therefore, I vote to affirm.

I. The majority opinion says that the Prosecuting Attorney in his opening argument made some improper remarks. Even so, the Trial Court told the jury: "Gentlemen of the jury, Mr. Lee wasn't a witness to this case and he has only acted by his official duties that is required of him and you are to consider the case on the law and the evidence that is introduced and not on the argument of counsel." The majority opinion says that in the closing argument the Prosecuting Attorney made some improper argument. Even so, the Trial Court told the jury: "As I have told the jury before that you are not to consider the case on the arguments of counsel but on the law and the evidence introduced."

Ordinarily we hold that such admonitions by the Trial Court will erase any errors: and I think the admonitions did in this case. All the defendant did was to save his exceptions: he did not ask for a mistrial; so I think he is hardly in a position to ask for a new trial now. I cannot believe that the jury became inflamed over the

remarks of the Prosecuting Attorney to such an extent as to disregard the Court's admonitions, because the accused was not convicted of rape, but only of assault with intent to rape; and the majority opinion states that the appellant concedes that the evidence was sufficient to support the verdict.

II. Finally, the majority opinion says that the Court allowed the Prosecuting Attorney to go too far in the interrogation of the accused on cross examination. The Prosecuting Attorney did not go as far in the case at bar as the Prosecuting Attorney did in the cross examination of the accused in the case of *Seward* v. *State,* 228 Ark. 712, 310 S. W. 2d 239. In that case the Prosecuting Attorney interrogated the defendant concerning the death of his second wife and the homicide of Will Walker; and we held that no error was committed by the Trial Court in allowing the Prosecuting Attorney to ask such questions. Likewise, I see no error here.

I vote to affirm the judgment of the Trial Court.