SIMMONS & FLIPPO *v.* STATE.

5003                                     346 S. W. 2d 197

Opinion delivered May 15, 1961.

[Rehearing denied June 5, 1961.]

*Lightle & Tedder,* for appellant.

*J. Frank Holt,* Attorney General, by *Jack L. Lessenberry,* Asst. Attorney General, for appellee.

JIM JOHNSON, Associate Justice. The appellants, Bobby Simmons and Larry Flippo, were charged with the crime of rape by felony information. They were tried jointly, convicted of assault with intent to rape, and sentenced to three years imprisonment. Following the jury's recommendations for leniency, the court suspended the sentence of Bobby Simmons and declared

that Larry Flippo should be eligible for parole after 18 months.

Of the several alleged errors which the appellants urge for reversal, only one—relating to the closing argument of the prosecuting attorney—need be discussed in reaching our decision.

During the course of his closing argument to the jury, the prosecuting attorney stated that the defendant, Larry Flippo, had previously raped a girl other than the prosecutrix. Neither the remarks of the prosecuting attorney, nor the specific objections of the defense attorney were recorded by the court reporter. The defense attorney then filed a bystanders' bill of exceptions pursuant to Ark. Stats. Anno., 1947, § 27-1750 *et seq.* The matters set out in the affidavits are uncontroverted and must be taken as true on this appeal. *Boone* v. *Holder*, 87 Ark. 416, 112 S. W. 1081; *Perry* v. *State*, 188 Ark. 133, 64 S. W. 2d 328.

In the affidavits it is stated that ''. . . at the close of his argument to the jury, we understood the Prosecuting Attorney to state that the defendant, Larry Flippo had previously raped another girl and that he (Flippo) had never gone out with her thereafter.'' After overruling the defendants' objections, the court issued its only admonition to the jury on the prosecuting attorney's argument:

''The Court: The jury heard the evidence, if the Prosecuting Attorney misquoted it then they are the judges of it.''

The only testimony relating to any other offense allegedly committed by either defendant was presented during the prosecuting attorney's cross-examination of the defendant Flippo:

''Q. Do you know Marjorie Varnell?

A. Yes, sir, I knew her about a year.

Q. You raped her on the 12th day of March of this year, didn't you?

Mr. Lightle: We object to that.

The Court: The objection is overruled.

Mr. Lightle: Note our exceptions.

Q. You raped her on the 12th day of March, 1960, didn't you?

A. No, sir.

Q. You say you went with her about a year?

A. I say I knew her about a year.

Q. How many times did you ever go with her?

A. Once.

Q. That was the 12th day of March, 1960?

A. Yes, sir, I have went with her since then though."

One of the fundamental rules of trial practice in this state is that the closing arguments of counsel must be confined to the questions in issue, the evidence introduced at the trial, and all reasonable inferences and deductions which can be drawn therefrom. *Vaughn* v. *State*, 58 Ark. 353, 24 S. W. 588; *Holder* v. *State*, 58 Ark. 473, 25 S. W. 279; *Hicks* v. *State*, 193 Ark. 46, 97 S. W. 2d 900. There is no evidence in the record which provides, under any logical analysis, a foundation for the prosecuting attorney's statement to the jury. As was said in *Brown* v. *State*, 143 Ark. 523, 222 S. W. 377:

". . . The prosecuting attorney is not allowed to state, as a matter of fact, that of which there is no evidence. His statement in the case at bar was not within the latitude of discussion the law accords to counsel. Its evil tendency and prejudice to the rights of the defendant are manifest . . ."

A similar problem was presented in *Wimberley* v. *State*, 217 Ark. 130, 228 S. W. 2d 991:

". . . In referring to the defendant the prosecuting attorney said that 'every time he gets in trouble his poor old mother comes up here and pays his fine.' The

defendant had not testified in his own behalf and there was nothing in the record to show that he had previously been convicted of other offenses. The defendant objected to this argument as being prejudicial and asked for a mistrial. The court then admonished the jury that counsel's argument must be based on the record. 'The court wants to admonish you not to consider anything unless it is based upon the testimony of the record.' The defendant renewed his objection, again asking for a mistrial. He duly saved his exception to the overruling of the objection.''

The defendant's conviction of assault with intent to kill was reversed by a unanimous Court. As the Court held in its opinion written by Judge Dunaway:

''. . . The statement of the prosecuting attorney . . . was highly improper and prejudicial. *The natural inference was that the defendant was an habitual offender (which was not shown by the record) and such an argument was bound to influence the jury.* The court's mild admonition to the jury to consider only argument based on testimony in the record was insufficient to remove the prejudice. *Hughes* v. *State,* 154 Ark. 621, 243 S. W. 70; *Hays* v. *State,* 169 Ark. 1173, 278 S. W. 15; *Sanders* v. *State,* 175 Ark. 61, 296 S. W. 70.'' [Emphasis supplied.]

Many of the policies which underlie the rule prohibiting the introduction of evidence of other offenses apply with equal force to the problem presented in this case:

''. . . Basically, the rule rests upon that spirit of fair play which, perhaps more than anything else, distinguishes Anglo-American law from the jurisprudence of other nations. Our theory is simply that a finding of guilty should rest upon proof, beyond a reasonable doubt, that the accused committed the exact offense for which he is being tried. We do not permit the State to bolster its appeal to the jury by proof of prior *convictions,* with their conclusive presumption of verity, and still less is there reason to allow the jury to be

prejudiced by mere accusations of earlier misconduct on the part of the defendant. If the accused has committed other crimes, each may be examined separately in a court of law, and punishment may be imposed for those established with the required certainty. In this way alone can we avoid the elements of unfair surprise and undue prejudice that necessarily attend trial by accusation in place of trial upon facts demonstrated beyond a reasonable doubt." *Alford* v. *State,* 223 Ark. 331, 266 S. W. 2d 804.

Much of the fundamental protection thus afforded the accused would be rendered ineffective if the prosecuting attorney were allowed to place before the jury indirectly by argument that which could not be introduced as evidence. See *Little Rock Railway & Electric Co.* v. *Goerner,* 80 Ark. 159, 95 S. W. 1007, 7 L.R.A., N.S., 97.

The appellee urges that the case at bar is controlled by what this Court said in *Adams* v. *State,* 165 Ark. 308, 264 S. W. 858:

"It is not reversible error for the prosecuting attorney to make an argument based upon a misapprehension of the testimony of a witness. A different question would be presented had he argued as a fact some proposition about which there was no testimony." While this case seems clearly within the exception to the rule as stated, the facts here are not sufficiently analogous to the facts in *Adams* to require our application of its rule.

During the trial of Adams for murder a witness testified that on the day of the shooting Adams had been "fooling with his gun" at the house of the witness. In his closing argument the prosecuting attorney stated that this incident had occurred at the victim's house, which in fact was only a short distance from the house of the witness. It is evident that this error was harmless. In the present case the remarks of the prosecuting attorney were inherently prejudicial.

It must also be noted that in the *Adams* case the witness, and not the prosecuting attorney, supplied the

facts that were later misapprehended in the closing argument. This Court has repeatedly observed that the prosecuting attorney acts in a *quasi* judicial capacity and that it is his duty to use all fair, honorable, reasonable and lawful means to secure the conviction of the guilty in a fair and impartial trial. But as we said in *Holder* v. *State, supra*:

". . . Nothing should tempt him to appeal to prejudices, to pervert the testimony, or make statements to the jury which, whether true or not, have not been proved. The desire for success should never induce him to endeavor to obtain a verdict by arguments based on anything except the evidence in the case and the conclusions legitimately deducible from the law applicable to the same. To convict and punish a person through the influence of prejudice and caprice is as pernicious in its consequences as the escape of a guilty man. The forms of law should never be prostituted to such a purpose."

See also, *Adams* v. *State,* 229 Ark. 777, 318 S. W. 2d 599.

The answers of the defendant Flippo on cross examination provide no basis whatsoever for the prosecuting attorney's positive statement to the jury that the defendant had previously raped a girl other than the prosecutrix. Under these circumstances the prosecuting attorney's closing argument was highly improper and prejudicial. Absent an affirmative showing in the record to the contrary, the error was also prejudicial to the defendant Simmons. *Moore et al.* v. *State,* 227 Ark. 544, 299 S. W. 2d 838. The prejudice created was not removed by the court's admonition to the jury. For this error the judgments of the trial court are reversed and the cause remanded for a new trial.

ROBINSON, J., concurs.

HARRIS, C. J., and McFADDIN, J., dissent.

ED. F. McFADDIN, Associate Justice, dissenting. I am of the opinion that the admonition given by the Trial Court cured any error of the Prosecuting Attorney, even if, in

fact, he mis-stated the evidence. When the defendants' attorney objected to the statements by the Prosecuting Attorney the Court said:

"The jury heard the evidence. If the Prosecuting Attorney misquoted it, then they are the judges of it."

Jurors are sensible persons. They had heard the witnesses and knew whether the Prosecuting Attorney was misquoting the evidence. The Court told the jury in the instructions: "In this case as in all others you are the sole and exclusive judges of the evidence, its weight, its sufficiency, and also the credibility of the witnesses. . ." That instruction, coupled with the admonition previously quoted—I maintain—was sufficient to cure any misstatement of the evidence. See 88 C.J.S. p. 391, "Trial" § 197, and see particularly *Martin* v. *Kelley*, 97 N. H. 466, 92 Atl. 2d 163, where a very similar admonition by the Court to the jury was held to have cured any misstatement of the evidence.