SANDERS *v.* STATE.

Opinion delivered May 26, 1924.

1. CRIMINAL LAW—ARGUMENT OF PROSECUTING ATTORNEY.—An argument of the prosecuting attorney that neither defendant nor his attorneys had denied that defendant sold the liquors mentioned in the indictment was not objectionable as referring to the fact that defendant did not testify at the trial where the defense was bottomed upon the contention that the liquors mentioned were sold as medicine, and not upon the contention that he did not sell them, which was conceded by defendant's counsel.

2. CRIMINAL LAW—ARGUMENT OF PROSECUTING ATTORNEY.—An argument of the prosecuting attorney that defendant's counsel argued that the testimony was insufficient to justify conviction, but that when counsel was prosecuting attorney he asked for a conviction on testimony no stronger than in this case, was an expression of opinion merely, and not calculated to mislead the jury.

3. INTOXICATING LIQUORS—RELEVANCY OF EVIDENCE.—In a prosecution of a druggist for unlawfully selling intoxicating liquor, testimony tending to prove the possession and sale of intoxicating liquors mentioned in the indictment was competent.

4. INTOXICATING LIQUORS—SUFFICIENCY OF EVIDENCE.—Evidence *held* to sustain a conviction of selling alcoholic, vinous, malt, spirituous and fermented liquors and compounds and preparations thereof.

5. INTOXICATING LIQUORS—INTENT OF PURCHASER.—Under Crawford & Moses' Dig., § 6160, it is a violation of law to sell or to be interested in the sale of the prohibited liquors, regardless of whether or not they are to be used or intended by the seller or purchaser to be used as beverages.

Appeal from White Circuit Court; *E. D. Robertson,* Judge; affirmed.

*John D. DeBois* and *John E. Miller,* for appellant.

*J. S. Utley,* Attorney General, and *John L. Carter,* Assistant, for appellee.

WOOD, J. The indictment charged that the appellant "unlawfully and feloniously did sell alcoholic, vinous, malt, spirituous and fermented liquors and compounds and preparations thereof, commonly called tonics, bitters, and medicated liquors." The appellant was tried and convicted on the above charge and sentenced by judgment of the court to imprisonment in the State Penitentiary for a period of one year, from which judgment is this appeal.

1. The prosecuting attorney, in his closing argument, among other things said: "It is not denied that the defendant sold the liquors mentioned in the indictment. He has not denied it; Mr. DeBois did not deny it in his argument; Mr. Miller does not deny it in his argument to you gentlemen, and no one else has denied it. The witnesses have testified that they bought it, and so the only question for you gentlemen to determine,

under the law as given you by the court, is whether or not the stuff which the defendant did sell was intoxicating, or contained alcohol." The appellant entered a plea of not guilty to the indictment, but did not testify at the trial. He contends that the court erred in overruling his objection to the above argument.

When the remarks of the State's attorney are considered as a whole, they cannot be fairly interpreted to have reference to the failure of the defendant to testify, but only to the fact that the witnesses had testified that the defendant sold the liquors mentioned in the indictment, and that they had bought the same, and that such fact was undisputed by the testimony. The appellant contends that the case is ruled on this point by the case of *Curtis* v. *State,* 89 Ark. 394-401. In that case Curtis was charged with the crime of carnal abuse. The prosecutrix testified that Curtis had sexual intercourse with her when she was of the age of fifteen years, and the prosecuting attorney, in his closing argument, stated to the jury that "the defendant does not deny that he had sexual intercourse with the prosecutrix." We held that the argument in that case was prejudicial and reversible error, because it necessarily referred to the failure of the defendant to testify. But the remarks here under consideration do not refer to the failure of the defendant to testify. On the contrary, as we have already stated, when they are considered as a whole the prosecuting attorney was emphasizing the fact that, so far as the sale of the liquors was concerned, there was no dispute in the testimony. When the entire record is considered, it shows that the defense of the appellant in the case at bar was bottomed upon the contention that the liquors sold by him were sold as medicine, and not upon the contention that he did not sell the particular character of liquors which the witnesses for the State testified they purchased of him. His contention was solely that such liquors did not come within the inhibition of § 6160, Crawford & Moses' Digest, under which the appellant was indicted. For instance, appellant's prayer for

instruction No. 6 is as follows: "You are instructed that, if you find that the concoctions which the defendant sold to the prosecuting witness were kept and sold by the defendant as medicine or for medicinal purposes, then, under the law, it is immaterial whether the prosecuting witness used the same as a beverage, and, if the State has failed to prove beyond a reasonable doubt that the defendant sold such concoctions for use as a beverage, then you should acquit the defendant." The prayer presented by the appellant in this form shows that, while conceding that he sold certain concoctions or liquors as testified by the witnesses for the State, nevertheless he contended that such sale was not a violation of the statute because he did not sell such liquors as a beverage, but only as a medicine.

It occurs to us therefore that the remarks of the prosecuting attorney, to the effect that the sale of the liquors was not denied, had reference, not to the failure of the appellant to testify, but to the fact that it was being conceded by appellant and his counsel that the sale was made, but that, in making the sale, he was not violating the law. But, if we be mistaken in this interpretation of the remarks of the prosecuting attorney, nevertheless they were not prejudicial, because they but reiterated a fact which had been shown by the undisputed testimony for the State and conceded by the appellant's counsel. There was no conflict in the testimony as to the fact of the sale.

The appellant further contends that the court erred in permitting the prosecuting attorney to make the following remarks: "Mr. Miller, in his argument to you gentlemen, stated that the testimony in this case was not sufficient to justify a conviction. While he was prosecuting attorney of this district, only a little more than a year ago, I have heard him ask for the conviction of persons charged with the same offense as this defendant, where the testimony was no stronger or more convincing than it is here, and I have seen juries convict such persons

as a result of his efforts, just as you gentlemen should and will do in this case.''

In these remarks the prosecuting attorney was merely expressing his opinion of the weight of the testimony in this case compared with what he conceived to be the weight of the testimony in other cases where the appellant's counsel, who was then prosecuting attorney, had secured convictions. The remarks were general. No particular case was mentioned, and no facts were given showing that convictions were had in other cases where the testimony was no stronger or more convincing than in the case at bar. The remarks "were not calculated to influence a jury of sensible men to disregard the oath they had taken to try the cause according to the law and the evidence and a true verdict render.'' *Blackshare* v. *State,* 94 Ark. 548-558; *Spear* v. *State,* 157·Ark. 283-287.

2. The appellant next contends that the court erred in permitting C. E. Caldwell, a witness for the State, to testify that he was a deputy sheriff; that he searched the appellant's place of business, and found in his possession one bottle of Angostura bitters, many bottles of vanilla extract and Jamaica ginger, and that the labels on these bottles showed that they contained alcohol, from 45 to 47 per cent. in the vanilla extract to 93 per cent. in the Jamaica ginger. There was no error in the ruling of the court. Witnesses for the State had testified that they had bought Jamaica ginger and vanilla extract from the appellant in October and January before this search was made, which was January 28, 1924, and also one witness stated that he didn't think that he had ever bought any Jamaica ginger or other liquor from the appellant without telling him that he wanted it for medicine; that he wanted it for medicine, as he was not in the best of health—felt run down—and that it made him feel better, but that he drank too much of it and got drunk.

In *Leslie* v. *State,* 155 Ark. 526-534, we said: "Testimony therefore tending to prove that Lyko, Jamaica ginger and the other liquors sold by the appellant con-

tained alcohol, that they were intoxicating, were sold by appellant, and used by the purchaser thereof as beverages, was relevant to the charge in the indictment." The doctrine of the above case rules this.

3. The appellant contends that the evidence is not sufficient to sustain the verdict under the charge made in this indictment, because the appellant is not charged with the crime of selling intoxicating liquors, and the testimony tending to prove that the appellant sold liquors that were intoxicating would not be sufficient to support the charge of selling alcoholic, vinous, malt, spirituous and fermented liquors and the compounds or preparations thereof, commonly called tonics, bitters or medicated liquors, as charged in the indictment. The testimony, as we have seen, was competent and relevant to the issue as to whether appellant had sold the liquors as charged in the indictment. If appellant sold alcoholic, vinous, malt, spirituous or fermented liquors, or a compound or preparation thereof called tonics, bitters or medicated liquors as charged, then the fact that the liquors sold had an intoxicating effect would not make the testimony any the less relevant or the charge any the less complete. The testimony was sufficient to sustain the verdict. *Sluder* v. *State,* 162 Ark. 212, and cases there cited.

4. The appellant contends, in the last place, that the court erred in giving instructions and in refusing appellant's prayers for instructions. It would unduly extend this opinion and could serve no useful purpose to set out the instructions given by the court and the prayers of the appellant for instructions which the court refused, and to discuss in detail the objections urged by appellant's counsel to the rulings of the court. We have carefully considered these objections, and find that the rulings of the court conformed to the law as announced in *Leslie* v. *State, supra,* where the law covering every phase of the testimony in this case is declared. In that case, among other things, we said, at page 535: "Before the above laws were passed, the inhibition was against sell-

ing liquors of the character mentioned 'which are used and drunk as a beverage.' The present law contains no such exception. Therefore it is a violation of the law now for any one to sell or be interested in the sale of the liquors mentioned in § 6160 Crawford & Moses' Digest, *supra,* whether they are used, or intended by the seller or purchaser to be used, for beverage purposes or not. The statute is leveled against the selling or being interested in the sale of alcoholic, vinous, malt, spirituous, or fermented liquors, or any compound or preparation of these, commonly called tonics, bitters, or medicated liquors. While the lawmakers did not intend to prohibit the sale of drugs which contain only such a percentage of alcohol as is necessary to compound and preserve them as medicines, yet they did intend to prohibit the sale of the liquors named in the statute, or a compound or preparation thereof, under the guise of medicine, and as a subterfuge to cover the sale of the prohibited liquors and medicated liquors mentioned therein. The exception contained in the statute shows that it was the intention of the lawmakers to allow pharmacists such necessary quantities of alcohol as may be required in their business, that is, in the art and science of compounding and preparing medicine. Druggists and pharmacists are prohibited from making or selling, or giving away, or being interested in the sale or giving away of bitters, or medicated liquors, where alcohol, or any one of the other liquors mentioned, is the dominating ingredient, or where the alcohol is used not merely for preserving the tincture or compound as medicine, but in such a way that it is fit to be used as a beverage. If drugs, containing only the necessary quantity of alcohol to compound and preserve them as medicines, are sold, then such sale is not unlawful because some one of abnormal appetite, depraved habits, or perverted taste, buys such medicine for use as a beverage.''

While there is some testimony tending to show that, when the witness bought the liquors from the appellant, he told the appellant that he wanted it for medicinal pur-

poses, and that the appellant refused to sell it to him until he found out that he did want it to use as a medicine, yet the testimony shows that the liquors sold by the appellant contained a large per cent. of alcohol, and there is no testimony in the record tending to prove that the liquors contained only such per cent. of alcohol as was necessary to compound or preserve them as medicines. The instructions were as favorable to the appellant as he was entitled to ask under the evidence adduced, in view of the law as declared by the court in *Leslie* v. *State, supra.* There is no reversible error in the rulings of the trial court, and its judgment is therefore affirmed.