Gerry Kent DILLAHA *v.* STATE of Arkansas

CR 74-111                    517 S.W. 2d 513

Opinion delivered January 13, 1975

*Murphy & Blair,* by: *H. David Blair,* for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *Milton Lueken,* Asst. Atty. Gen., for appellee.

CONLEY BYRD, Justice. The jury found appellant, Gerry Kent Dillaha guilty of burglary and grand larceny and fixed his punishment on each charge at 21 years in the penitentiary. For reversal he relies upon the following points.

"POINT I. The trial court erred in allowing appellee to introduce into evidence guns carried by persons other than appellant, which guns had relevance neither to the crimes charged nor in connection with appellant.

POINT II. Because of appellee's highly prejudicial statements to the jury of matters outside of the record, the trial court should have granted appellant's motion for mistrial and erred in failing to do so.

POINT III. Statements of appellant made shortly after an illegal arrest were improperly admitted into evidence.

POINT IV. Evidence of property of others found in appellant's vehicle was improperly admitted into evidence."

The record shows that the burglary and grand larceny occurred at the clinic of Dr. Charles Tucker located just north of Ash Flat near the intersection of Highways No. 167 and No. 62. During the early morning hours of May 26, 1973, two men, Thomas E. Norton and Richard K. Stone were observed in the clinic by a deputy sheriff. The sheriff Ray Martin lives north of the clinic toward Hardy. When he received the summons from his deputies for help he drove from his home directly to the clinic on Highway No. 167. As the sheriff topped the hill where he could view the clinic he saw a slow moving vehicle going south on Highway No. 167, turn right on Highway No. 62 and proceed in a like manner toward Salem. After Norton and Stone had been apprehended and the sheriff had determined that they were from Little Rock, he immediately began to look for their get-away vehicle. About that time a slow moving vehicle came down Highway No. 62 from Salem and proceeded slowly toward Hardy on Highway No. 167. The sheriff stopped appellant at that time and after determining that he was from Little Rock arrested him. At the jail appellant was given the Miranda warnings and placed in a cell some distance from Norton and Stone. While the sheriff was outside the jail he heard Norton yell to appellant, "Gerry, why didn't you get to hell out of here while you could?" Appellant's response was; "I didn't know where you fellows were." Other proof in the record shows that Ash Flat has a population of only 200 people and that appellant's vehicle was the only vehicle on the highway for approximately an hour. The sheriff also testified that he had investigated a number of burglaries and that when adults were involved there was always a "get-away" vehicle.

POINT I. We find no merit in appellant's contention that the guns found in the clinic belonging to Norton were not

admissible in evidence. Stone testified for the State that the parties left Little Rock in appellant's automobile for the purpose of "ripping off a drug store" and that appellant knew that the guns were in the car. Stone further testified that the plan was for him to enter the building with Norton waiting outside for the purpose of shooting anyone who showed up. Thus the guns were admissible to corroborate the testimony of an accomplice and to show that the parties had acted pursuant to a plan or scheme. In the cases relied upon by appellant such as *Long* v. *State*, 240 Ark. 687, 401 S.W. 2d 578 (1966), the weapons there erroneously admitted in evidence were neither used nor possessed for the commission of the crime.

POINTS III & IV. Under these points appellant contends that since the arrest was illegal the evidence obtained as a result thereof was improperly admitted — *i.e.* part of the fruit of the poisonous tree, *Wong Sun* v. *United States,* 371 U.S. 471, 83 S. Ct. 407, 9 L. Ed. 2d 441 (1963). As we view the record there was probable cause for the arrest made by the sheriff.

POINT II. During the prosecuting attorney's argument to the jury the following occurred:

"Dr. Tucker and my law partner grew up together down at Oil Trough, but to his old friends and maybe some of you all know him as Bo — Bo and I have known each other for several years now and after court yesterday he went with me to get some gas up the way, I was afraid I couldn't get home and back. He said, 'Terry, I hope you realize and I hope that jury realized I could have gotten killed in a deal like this.'

MR. POST: We object to that, Your Honor. This is not in evidence, we feel that it is a prejudicial error for the prosecutor to mention it, and we ask for a mistrial.

BY THE COURT: The objection will be sustained and that will be taken from the Jury's consideration. The jury will be instructed to disregard that statement. The motion for mistrial will be overruled. You may proceed.

MR. POYNTER: My point is, ladies and gentlemen, I tell you that for illustrative purposes anyway."

The statement by the prosecuting attorney is not supported by the record. In fact if such testimony had been offered, it should have been excluded as irrelevant. The effect of the prosecutor's statement was to transmit a direct appeal from a local doctor for the obvious purpose of appealing to the jury's passions and prejudices. In reversing a similar appeal to passions and prejudices in *Adams* v. *State,* 229 Ark. 777, 318 S.W. 2d 599 (1958), we quoted from *Holder* v. *State,* 58 Ark. 473, 25 S.W. 279 (1874), as follows:

". . . 'A prosecuting attorney is a public officer 'acting in a *quasi* judicial capacity.' It is his duty to use all fair, honorable, reasonable and lawful means to secure the conviction of the guilty who are or may be indicted in the courts of his judicial circuit. He should see that they have a fair and impartial trial, and avoid convictions contrary to law. Nothing should tempt him to appeal to prejudices, to pervert the testimony, or make statements to the jury which, whether true or not, have not been proved. The desire for success should never induce him to endeavor to obtain a verdict by arguments based on anything except the evidence in the case and the conclusions legitimately deducible from the law applicable to the same. To convict and punish a person through the influence of prejudice and caprice is as pernicious in its consequences as the escape of a guilty man. The forms of law should never be prostituted to such a purpose.' "

Because of the improper remarks of the prosecuting attorney we find that the trial court erred in not declaring a mistrial.

Reversed and remanded.