## Debbie LONG *v.* STATE of Arkansas

CR 76-63                                   542 S.W. 2d 742

Substituted Opinion delivered November 8, 1976

*Jerry C. Post,* for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *B. J. McCoy,* Asst. Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. Upon a charge of selling a controlled substance (methamphetamine) the appellant was found guilty and was sentenced to eight years' confinement. For reversal she contends that the court should have directed a verdict in her favor and that the prosecuting attorney was permitted to make an improper closing argument to the jury.

Upon the first point the appellant insists that under Section 41-305 of the new Arkansas Criminal Code the person who made the purchase from her was an accomplice, that his testimony about the sale was not corroborated, and that she was therefore entitled to a directed verdict. This language in the new Code is relied upon: .

Unless otherwise provided by the statute defining the offense, a person is not an accomplice in an offense committed by another person if:

* * *

(b) the offense is defined so that the defendant's conduct is inevitably incident to its commission. [§ 41-305.]

The Code was not yet effective when the present offense was committed, but Section 41-102 provides that with respect to a prior offense a defendant may elect to have "the construction and application of any defense" governed by the Code. Upon that basis the appellant argues that she made such an election in the trial court and is entitled to rely upon the definition of an accomplice set forth in subsection (b) of § 41-305, quoted above.

We cannot sustain that contention. The appellant is correct in arguing that the subsection in question applies to the person who bought the drug from her, even though it refers to the *defendant's* conduct. The section is part of Title 41, Chapter 3, entitled "Parties to Offenses." Section 41-301 provides that a person may commit an offense either by his own conduct or that of another person. The next few sections refer to an accomplice not, as here, with respect to the need for corroboration of his testimony but, instead, with respect to his accountability for the criminal conduct of another person. Hence the subsection in question applies to the appellant's vendee, although he is not now the defendant.

Even so, the appellant's reliance upon the subsection is misplaced, for two reasons. First, the Code provides that with regard to an offense committed before the effective date of the Code the defendant may elect to have the construction of "any defense" governed by the provisions of the Code. This appellant's argument does not involve a "defense," as defined in Section 41-110 of the Code. Wholly apart from the Code, our law has long required that the testimony of an accomplice be corroborated. Ark. Stat. Ann. § 43-2116 (Repl. 1964). The State's failure to adduce proof corroborating the testimony of an accomplice is certainly not a new defense created by the

Code, no matter how the word "accomplice" is defined.

Secondly, under the quoted subsection of the Code, the purchaser in this case was not an accomplice, because his conduct was "inevitably incident" to the commission of the offense charged. That is, there cannot be an unlawful sale of a controlled substance unless someone buys it. It is immaterial that this purchaser may have solicited the sale, because, except for entrapment (which is not involved here, as the buyer was not a police officer), it makes no difference whether the buyer solicited the sale or the seller solicited the purchase. The offense is committed in either situation.

The appellant is correct, however, in her second point for reversal. The prosecutor, in his closing argument, told the jury what he stated to be a true story, to show the harmful effect of drugs. He said that in his own home town a 16-year-old boy had been so affected by drugs that he had run after a railroad train, barking and flapping his arms, because he thought it was the train to glory; that later in the evening the boy had broken dishes and a window to avoid restraint; that early the next morning he was choking his mother, thinking her to be the devil; and that he engaged in other irrational conduct before being subdued. The prosecutor went on to say that at the time of the trial, a year later, the boy was at the State Hospital in Little Rock where he was known as the Serpent Boy, because "he moves around down there like a snake, on his belly, and darts his tongue daily and constantly, because he now thinks that he is the evil serpent." Defense counsel's objection and motion for a mistrial were overruled by the trial judge, with the statement that "it is proper argument."

We consider the prosecutor's statement to have been decidedly improper and manifestly prejudicial. As Wigmore points out, counsel's arguments to the jury may be based upon matters of fact of which evidence has been introduced or which are so well known as to be the subject of judicial notice. But representations of fact must not be made upon counsel's own credit, for he would then become a witness without being subject to cross-examination. Wigmore on Evidence, § 1806 (Chadbourn Rev., 1976). We have frequently found it necessary to award a new trial because of counsel's

overzealousness in arguing to the jury matters of fact not supported by the proof. *Dillaha* v. *State,* 257 Ark. 476, 517 S.W. 2d 513 (1975); *Wilson* v. *State,* 253 Ark. 10, 484 S.W. 2d 82 (1972); *Simmons & Flippo* v. *State,* 233 Ark. 616, 346 S.W. 2d 197 (1961). Those cases are controlling here. The prosecutor's detailed narrative about the Serpent Boy was presented to the jury as a true account, but it had no basis in the evidence. Moreover, the trial court emphasized the error by declaring it to be proper argument. We certainly cannot say with confidence that the remarks were not prejudicial. Complaint is also made with respect to another phase of the closing argument, but there is no reason to expect a recurrence upon a new trial.

Reversed.

We agree. HARRIS, C.J., and FOGLEMAN and JONES, JJ.