Sammy Lee HALL *v.* STATE of Arkansas

CR 78-157                              576 S.W. 2d 178

Opinion delivered January 22, 1979
(In Banc)
[Rehearing denied February 26, 1979.]

*Frank C. Elcan, II,* Deputy Public Defender, for appellant.

*Bill Clinton,* Atty. Gen., by: *E. Alvin Schay,* Deputy. Atty. Gen., for appellee.

CONLEY BYRD, Justice. From a 30 year sentence entered upon a jury verdict for a single sale of heroin in violation of the Controlled Substances Act, the appellant Sammy Lee Hall appeals.

The record shows that the Deputy Prosecuting Attorney, in his argument to the jury, stated that heroin is the worst of drugs and the most damaging to society. In the final argument to the jury, the Prosecuting Attorney made reference to the deterioration of the community due to its young people injecting heroin into their bodies. Appellant pointed out that there was no evidence in the record to support such argument and moved for a mistrial. The trial court overruled the objection and appellant raises the same issue here. We find no

merit to the contention for there is no error in arguing to the jury matters about which courts will take judicial notice, *Meeks* v. *State,* 161 Ark. 489, 256 S.W. 863 (1923). See also 25 Am. Jur. 2d Drsgs, Narcotics and Poisons § 44.

Affirmed.

FOGLEMAN, J., concurs and PURTLE, J., dissents.

JOHN A. FOGLEMAN, Justice, concurring. I concur in the majority view, but am uncertain about the propriety of the matter argued as coming within the purview of judicial notice. Still, jurors are not required to set aside their common knowledge and they have a right to consider the evidence in the light of their own observations and experience in the affairs of life, as the prosecuting attorney pointed out to them. See *Rogers* v. *Stillman,* 223 Ark. 779, 268 S.W. 2d 614; *Kroger Grocery & Baking Co.* v. *Woods,* 205 Ark. 131, 167 S.W. 2d 869; *Graysonia-Nashville Lumber Co.* v. *Carroll,* 102 Ark. 460, 144 S.W. 519. The appropriate and universal application of this principle is found at 23A CJS 992, Criminal Law, § 1373, viz:

> In a criminal prosecution the jury are entitled to consider and construe the evidence adduced in the light of their own knowledge, intelligence, experience, and observations in the affairs of life, and in reaching their verdict jurors may properly consider matters which are common knowledge, such as the alcoholic and intoxicating qualities of whiskey, or the intoxicating nature of alcoholic liquors generally, and they may use their general knowledge of the nature of commonly used articles, such as a pocket knife.

See also, 75 Am. Jur. 2d 860, Trial, § 1019. It is appropriate that jurors be so instructed. 75 Am. Jur. 2d 769, Trial, § 901; 23A CJS 721, Criminal Law, § 1296.

In considering the asserted error, it must be remembered that the trial judge must be accorded a wide latitude of discretion in controlling jury arguments. *Parrott* v. *State,* 246 Ark. 672, 439 S.W. 2d 924. It is also necessary that counsel be allowed a wide range in jury arguments and much must be left to the good sense and sound judgment of the jury. *Hall* v.

*State,* 161 Ark. 453, 257 S.W. 61; *Cravens* v. *State,* 95 Ark. 321, 128 S.W. 1037; *Melton* v. *State,* 212 Ark. 968, 209 S.W. 2d 99.

Certainly it is not prejudicial for an attorney to make comments which are a matter of common and general knowledge. See, *Vaughan* v. *State,* 58 Ark. 353, 24 S.W. 885. Labelling heroin as the worst of drugs or the worst type of drugs that can be had should fall in that category, even if the additional remarks did not. The most that can be said with reference to remarks that this particular drug was the most damaging to society and that it would seem like the whole moral fabric of the community is deteriorating, when young people find it necessary to inject it into their bodies, could not be taken as more than the expression of the prosecuting attorney's opinion. The mere expression of the opinion of counsel is not ground for reversal unless it is so flagrant as to arouse passion and prejudice, is made for that purpose and necessarily has that effect. *Adams* v. *State,* 176 Ark. 916, 5 S.W. 2d 946.

It was held in *Cravens* v. *State,* supra, that there was no prejudicial error in the statement of a prosecuting attorney's expression of opinion in the following language:

> . . . "I have seen defendants convicted on weaker testimony and never knew but one to be acquitted on as strong testimony, and that man walked out of this courtroom a free man, released by a jury, and that people said they did not see how they did it."

It has also been held that the statement by the prosecuting attorney that "this was no ordinary case" was not reversible error. *Powell* v. *State,* 173 Ark. 450, 292 S.W. 699. In *Spier* v. *State,* 157 Ark. 283, 248 S.W. 281, in which the appellant was accused of murdering his brother as the culmination of a quarrel growing out of a charge that appellant had ravished his brother's wife, we held the following statements proper as expressions of opinions only:

> "2. The defendant shed more tears in the last 24 hours than he had shed for years prior to the trial; that he should have gone to the grave of his deceased brother at the time of his funeral and shed some tears; that the

evidence showed that he didn't shed any at that time.

"3. When Charlie Spier ravished the wife of deceased he forfeited the right to live, under the law.

"4. The man who would ravish his brother's wife and later murder him would fabricate a defense just like Charlie Spier had done."

The prosecuting attorney also had a right to attempt to impress the jury with the seriousness of the crime by a statement of his opinion. *Byrd* v. *State,* 76 Ark. 286, 88 S.W. 974. In *Byrd,* we held that a statement that "the case is so cruel and barbarous that it is without a parallel in the history of crime" was an expression of opinion as to the gravity of the crime which afforded no basis for reversible error.

We would not be justified in finding an abuse of the trial court's broad latitude of discretion to permit a wide range of argument by the prosecuting attorney in this case on the basis of the facts and opinions stated.

I would affirm the judgment.

JOHN I. PURTLE, Justice, dissenting. The prosecuting attorney and his deputies are public officers performing their duties in a quasi-judicial capacity. It is their sworn duty to uphold the laws and Constitution of the State of Arkansas. This function should be carried out with vigor, and any honorable, reasonable and lawful means should be employed. There should be no occasion to deliberately appeal to the prejudices which most of us possess. Juries are for the most part composed of people with ordinary intelligence, with variances of course, and are likely to look upon a public official in the performance of his/her duties with more confidence than a lawyer who is being paid to defend an accused. It is for these reasons a prosecutor should very carefully consider the manner in which a case is presented to a jury.

All remarks made in closing arguments to the jury should be based solely upon the evidence presented and the law governing the case. The jurors are sworn to try the case according to the law and the evidence presented at the trial.

The participants should be and are likewise bound by the same rule of law. We have previously held remarks made by the prosecuting attorney having no basis in the evidence were so prejudicial as to call for a retrial. *Debbie Long* v. *State,* 260 Ark. 417, 542 S.W. 2d 742 (1976); *Dillaha* v. *State,* 257 Ark. 476, 517 S.W. 2d 513 (1975); and *Holder* v. *State,* 58 Ark. 473, 25 S.W. 2d 279 (1874).

Since at least 1874, prosecuting attorneys have been informed not to make overzealous remarks which are not a part of the record. In the instant case, the trial court overruled the defendant's objection to the remark, thereby possibly giving the jury the impression the court also agreed with the "not in evidence" statement. I do not feel the standard instruction given to the jury prior to the argument is sufficient to remove the possible damage by "not in evidence" closing remarks.

In this case, we do not know exactly what the closing remark first objected to contained, but evidently it was words to the effect that "this particular drug was the worst of all drugs and the most damaging to society." In the recorded portion of the closing argument, the prosecutor did state:

"You know we are talking about the worst type of drugs that can be had anywhere — It would seem like the whole moral fabric of our community is deteriorating when young people, young men, black and white, find it necessary to inject into their body, however they take it, . . . "

There was no need for these "not in evidence" remarks unless it was intended to arouse prejudice and passion. There was ample evidence in the record to sustain a conviction without such remarks. The fact that this young man received a sentence of thirty (30) years indicates to me these remarks had the effect of an "overkill." The sentence was the maximum which could be "dished out" and ordinarly would be expected to be reserved for the most hardened offenders.

I do not imply that all prosecutors are unfair or overzealous because no doubt the overwhelming majority are fair-minded. Neither do I imply this prosecutor was wilfully

and intentionally unfair. However, this remark may well have added years to the sentence of appellant.

For the reasons cited above and the long range effect of fair trials, I would reverse and remand for a new trial.