Billy Sunday Tyler was convicted of soliciting the commission of a controlled substance offense in violation of Ala. Code 1975, § 13A-12-202, and was sentenced as an habitual offender to imprisonment for life. That conviction must be reversed because, as a matter of law, the appellant's *Page 1239 
conduct in seeking to purchase drugs did not constitute the charged offense.
On October 24, 1988, an undercover police officer, Alphonso Reid, was stationed on the northwest corner of 4th Avenue North and 2nd Street in Birmingham as part of a narcotics undercover operation. Officer Reid stated that his duties were "[t]o stand on the street corner, and I guess, accept solicitations from people who drove by in vehicles or walked up." Around 4:15 that afternoon, the appellant stopped his vehicle across the street from where Reid was standing. After the appellant made eye contact with him, Reid crossed the street and engaged in the following conversation with the appellant:
"Reid: Where you goin'? What you need?
"Tyler: Some fours.
 "Reid: Some fours. Want some Dilaudid, huh? How much you got?
"Tyler: Ninety.
"Reid: Ninety. Aww.
"Tyler: Ninety.
"Reid: Make a loop and come on back, alright?"
The appellant drove away without responding to Office Reid's last question. He was stopped by a patrol car shortly thereafter, given a ticket for driving without a license, and arrested.
The appellant was indicted for criminal solicitation to commit a controlled substance crime in violation of Ala. Code 1975, § 13A-12-202, which provides:
 "(a) A person is guilty of criminal solicitation to commit a controlled substance crime if he engages in the conduct defined as criminal solicitation in section 13A-4-1(a), and the crime solicited is a controlled substance crime.
 "(b) The principles of liability and defenses for criminal solicitation to commit a controlled substance crime are the same as those specified in sections 13A-4-1(b) through (e), and section 13A-4-5.
 "(c) Criminal solicitation to commit a controlled substance crime shall be punished the same as the controlled substance crime solicited."
Section 13A-4-1(a) provides that:
 "(a) A person is guilty of criminal solicitation if, with the intent that another person engage in conduct constituting a crime, he solicits, requests, commands or importunes such other person to engage in such conduct."
The indictment charged that the appellant "did, with the intent that another person engage in conduct constituting a crime, unlawfully solicit, request, command or importune Al Reid, to sell, furnish, give away, manufacture, deliver or distribute a controlled substance, to-wit: two dilaudid pills." The criminal conduct alleged to have been solicited by the appellant is the crime of distribution of a controlled substance, as defined in § 13A-12-211.
In a two-part argument, the appellant argues that he cannot be guilty of solicitation because 1) his conduct constituted an attempt to possess a controlled substance, and 2) as a matter of law, under the principles of liability and defenses referred to in § 13A-12-202(b), his conduct was necessarily incidental to the commission of the offense of criminal solicitation to sell or distribute a controlled substance and therefore he is not liable for the charged offense. We reject his first argument, but agree with his second argument.
The appellant made a general motion for judgment of acquittal at the close of the State's case and raised these specific arguments in his motion for new trial. Thus, we consider the issues to have been properly preserved for review.
 A.
The general crime of criminal solicitation is defined in § 13A-4-1. Subsection (c) of that section provides a defense to both the general crime of criminal solicitation and the crime of criminal solicitation to commit a controlled substances offense. See § 13A-12-202(b). Subsection (c) of § 13A-4-1
provides: *Page 1240 
 "(c) A person is not liable under this section when his solicitation constitutes conduct of a kind that is necessarily incidental to the commission of the offense solicited. When the solicitation constitutes an offense other than criminal solicitation which is related to but separate from the offense solicited, defendant is guilty of such related offense only and not of criminal solicitation."
Relying on the second sentence of § 13A-4-1(c), the appellant contends that his conduct amounted to the attempted possession of a controlled substance and that, therefore, he could not be convicted for the solicitation to distribute or sell a controlled substance. We addressed, at length, this exact argument under virtually identical factual circumstances inThornton v. State, 570 So.2d 762, 766-769 (Ala.Cr.App. 1990), and "conclude[d] that the appellant's request to buy two dilaudid pills amounted to criminal solicitation [to sell a controlled substance] and not an attempt [to possess a controlled substance]." Thornton, 570 So.2d at 769.
The appellant cites two cases, State v. Fristoe, 135 Ariz. 25,658 P.2d 825 (Ariz.App. 1982), and Ward v. State,528 N.E.2d 52 (Ind. 1988), which do indicate that a mere solicitation can amount to an attempt. Neither of these cases, however, involved an unlawful sale and at least one court has explicitly declined to follow State v. Fristoe. Sullivan v.State, 766 P.2d 51, 56 (Alaska App. 1988). While we recognize that there is a split in authority among the states on this issue, "by the weight of authority, solicitation is not a sufficient overt act to be indictable as an attempt." 22 C.J.S.Criminal Law § 115b at 145 (1989). Accord, 21 Am.Jur.2dCriminal Law § 161 (1981). We reaffirm our holding in Thornton
on this issue. The conduct of the appellant did not constitute a sufficient overt act so that he could have been guilty of criminal attempt.
 B.
The appellant raises an additional argument not addressed inThornton. Citing the first sentence of § 13A-4-1(c) — "[a] person is not liable under this section when his solicitation constitutes conduct of a kind that is necessarily incidental to the commission of the offense solicited" — he maintains that he cannot be convicted of solicitation to sell a controlled substance because he could not be convicted, as an accomplice, of that offense had the sale been consummated. The appellant argues that had the sale been consummated, he would have been guilty of the separate offense of possession of a controlled substance, as defined in § 13A-12-212.
A portion of the Commentary to § 13A-4-1 provides:
 "Subsection (c) complements § 13A-2-24(2) [setting forth an exception to accomplice liability] and rests upon the general principle that a person should not be liable as an accomplice if his conduct is inevitably incidental to the commission of the offense. Much depends on the interpretation of the particular statute involved. Typical examples: Should a woman be deemed an accomplice for an abortion on herself? A man liable as an accomplice to an act of prostitution for intercourse with a prostitute? The purchaser an accomplice in an unlawful sale? The briber an accomplice of the taker? No single rule can be formulated to determine accomplice liability for all 'consensual' crimes, but it seems preferable to formalize that defendant is not liable unless otherwise provided in the statute defining the particular offense. Subsection (c) is designed to ensure that if one could not be liable as an accomplice if the substantive crime were completed, then he will not be liable for solicitation when the crime is not completed." (Emphasis added.)
Section § 13A-2-23 defines complicity and provides in pertinent part:
 "A person is legally accountable for the behavior of another constituting a criminal offense if, with the intent to promote or assist the commission of the offense: *Page 1241 
 "(1) He procures, induces or causes such other person to commit the offense."
Section 13A-2-24(2) provides the exceptions to complicity liability and provides, in pertinent part:
 "Unless otherwise provided by the statute defining the offense, a person shall not be legally accountable for behavior of another constituting a criminal offense if:
". . . .
 "(2) The offense is so defined that his conduct is inevitably incidental to its commission."
The Commentary to § 13A-2-24(2) states:
 "Subdivision (2) deals with the problem of 'consensual' crimes and states the basic proposition that one should not be held legally accountable as an accomplice for the correlative offense of the other person unless the legislature sees fit in a particular situation to impose such liability. . . .
 ". . . Consensual crimes embrace reciprocal conduct such as bribery, 'scalping' tickets, adultery, fornication, prostitution and gambling. Ordinarily, each actor in such a reciprocal situation is prosecuted for his own particular offense but not as an accessory for the correlative conduct of the other party. E.g., a bribery statute proscribes the bribing of a governmental official. Conceivably the receiver (official) could be prosecuted for aiding the giver (briber) though not explicitly made liable by the statute. Under the Criminal Code, the receiver of the bribe would not be liable unless explicitly made so by statute. If the statute only denounces the act of the giver, the receiver should not be prosecuted as an accessory for aiding the giver. . . ." (Emphasis added.)
While there is a slight difference between the actual wording of § 13A-2-24(2) ("[t]he offense is so defined that his conduct is inevitably incidental to its commission") and that of §13A-4-1(c) ("his solicitation constitutes conduct of a kind that is necessarily incidental to the commission of the offense solicited"), the Commentaries to those sections indicate that there is little difference in their application. See also Model Penal Code § 5.04, Comment at 48183 (solicitation liability) and § 2.06, Comment at 324-25 (accomplice liability) (ALI 1985).
"In cases where the actor would not be guilty of the substantive offense as an accessory because of some special policy of the criminal law, it is clear that he should also not be liable for solicitation of or conspiracy to commit the same offense." Explanatory Note to § 5.04 Model Penal Code at 476.
 "In situations such as these, where the soliciting party would not be held guilty of the completed crime if it were committed as a result of the solicitation, the act of soliciting is itself not criminal. Or, to state it another way, it is a defense to a charge of solicitation to commit a crime that if the criminal object were achieved, the solicitor would not be guilty of a crime under the law defining the offense or the law concerning accomplice liability."
2 W. LaFave and A. Scott, Substantive Criminal Law § 6.1 at 14 (1986) (footnote omitted).
 "There are, however, some exceptions to the general principle that a person who assists or encourages a crime is also guilty as an accomplice. . . .
 "Another exception is where the crime is so defined that participation by another is inevitably incident to its commission. It is justified on the ground that the legislature, by specifying the kind of individual who was guilty when involved in a transaction necessarily involving two or more parties, must have intended to leave the participation by the others unpunished. A secondary consideration . . . is that if the law were otherwise, convictions would be more difficult to obtain in those jurisdictions requiring corroboration of an accomplice's testimony. Thus, *Page 1242 
under this exception . . . a purchaser is not a party to the crime of illegal sale [citing United States v. Farrar, 281 U.S. 624, 50 S.Ct. 425, 74 L.Ed. 1078 (1930)]."
2 Substantive Criminal Law § 6.8 at 165166.
This Court must look to the statute defining the offensewhich was solicited to determine whether the solicitor can validly be convicted of the solicitation of that offense. The rationale behind this principle is one of legislative intent — who did the Legislature intend to punish for the crime whichwas solicited? Commentary to § 2.06, Model Penal Code at 325.
The general rule in Alabama is that the purchaser of an illicit substance is not an accomplice of the seller because the purchaser is guilty of an offense independent from the sale.
 " 'One who purchases intoxicating liquor from a bootlegger is not an accomplice of the seller. He is guilty of no offense under the statute, unless after purchasing the liquor he should transport it or should have possession of it with intent to violate the law. These are independent offenses from the sale.' Leigh v. State, 34 Okla. Cr. 338, 246 P. 667."
Brown v. State, 44 Ala. App. 135, 137, 203 So.2d 700, 702
(1967). But see § 13A-8-16(a) (defining the offense of receiving stolen property in such a way that both the seller of stolen property and the buyer to whom he sells would be prosecuted for the same statutory offense).
In this case, the appellant was indicted for and convicted of soliciting Officer Reid to commit the offense of unlawful distribution of a controlled substance. The solicited offense is defined in § 13A-12-211 as the unauthorized "sell[ing], furnish[ing], giv[ing] away, manufactur[ing], deliver[ing], or distribut[ing] a controlled substance." Section 13A-12-211 doesnot include "purchasing" or "receiving" a controlled substance in its proscribed activities. Instead, those acts are prohibited by § 13A-12-212, titled "[u]nlawful possession or receipt of a controlled substance." Thus, where an illegal drug sale is consummated there are two separate statutory offenses committed, one by the seller, the other by the buyer. §13A-8-16(a) (defining the offense of receiving stolen property in such a way that both the seller of stolen property and the buyer to whom he sells would be prosecuted for the same statutory offense). In this case, had the sale been consummated and the appellant had received the pills, the appellant would have been guilty of possession. However, he would not have been guilty as an accomplice of the distribution of the pills.
The actions of the buyer and seller in an illegal drug sale, under our statutory scheme, are "necessarily incidental" to the other's commission of a crime. "Incidental" is defined as "happening or likely to happen in an unplanned or subordinate conjunction with something else, . . . likely to happen ornaturally appertaining." Random House Dictionary of the EnglishLanguage 966 (2d ed. 1987) (emphasis added). In a prosecution against the seller, where the statutorily proscribed conduct is the sale of the controlled substance, the buyer's conduct would be "inevitably or necessarily incidental" to the sale. Long v.State, 260 Ark. 417, 419, 542 S.W.2d 742, 743 (1976).
 "[U]nder the quoted subsection of the Code [virtually identical to Ala. Code 1975, § 13A-2-24(2)], the purchaser in this case was not an accomplice, because his conduct was 'inevitably incident' to the commission of the offense charged. That is, there cannot be an unlawful sale of a controlled substance unless someone buys it. It is immaterial that this purchaser may have solicited the sale, because, except for entrapment (which is not involved here, as the buyer was not a police officer), it makes no difference whether the buyer solicited the sale or the seller solicited the purchase. The offense is committed in either situation."
Long, 260 Ark. at 419, 542 S.W.2d at 743. Similarly, in a prosecution against the buyer *Page 1243 
where the proscribed conduct is the possession of the controlled substance, the seller's conduct would be "inevitably or necessarily incidental" to that possession.
"The cardinal rule for construction of a statute is to ascertain the legislative intent, which must be determined by examining the statute as a whole in light of its general purpose." Gulf Coast Media, Inc. v. Mobile Press Register,Inc., 470 So.2d 1211, 1213 (Ala. 1985). On consideration of the principles set forth above and in view of the fact that the Alabama Legislature established two separate offenses — one covering the drug seller's activity of distribution, the other covering the drug buyer's activity of possession — it must be concluded that the Legislature did not intend to punish a person who merely solicits another to sell a controlled substance to the solicitor. This conclusion is strengthened by the fact that a "solicitation to commit a controlled substance crime [is to] be punished the same as the controlled substance crime solicited." § 13A-12-202(c). Possession of a controlled substance is punishable as a Class C felony, § 13A-12-212(b), while distribution of a controlled substance is punishable as a Class B felony, § 13A-12-211(b). Under the State's argument, a purchaser convicted of soliciting the sale of a controlled substance (a Class B felony) would be punished more harshly then either a seller convicted of soliciting the purchase of a controlled substance (a Class C felony) or a purchaser who actually received the controlled substance (a Class C felony). Such an interpretation is unreasonable.
The crime of solicitation to commit the offense of distribution of a controlled substance is committed where A solicits B to distribute drugs to C. If the solicited crime were consummated, both A and B would be guilty of the distribution. In contrast, where A solicits B only to sell drugs to A, and A does not receive any controlled substance, A is not guilty as an accomplice to the offense of distribution and is not guilty of solicitation to commit the offense of distribution of a controlled substance.
For the reasons stated above, the appellant's conviction for soliciting the distribution of a controlled substance is reversed and this cause is remanded for further proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
All Judges concur.